FARMERS' FIRE INSURANCE COMPANY OF YORK, PENN-
SYLVANIA, *vs.* ADOLPH MISPELHORN.

*Fire Insurance Policy—Notice and Preliminary Proof of
Loss—What did not constitute a Waiver by the Insurer of
further Preliminary Proof—Construction of condition in
the Policy requiring the Insured on demand by the Insurer
to produce Bills of Purchase or Duplicates thereof, &c.—
Defective Prayer.*

A policy of insurance against loss or damage by fire contained,
among other conditions, the following: " and whenever required, the
insured or person claiming shall produce and exhibit the books of
account, bills of purchase, or duplicates thereof, and other vouchers,
to the insurers or their specially authorized agent, in support of the
claim, and permit extracts and copies thereof to be made; and also
exhibit to any person or persons named by this company, and per-
mit to be examined by them, any property damaged on which any
loss is claimed; and shall also, if required, submit to an examination
or examinations, under oath, by the agent or attorney of this com-
pany, and answer all questions touching his, her or their know-
ledge of anything relating to such loss or damage, and subscribe
and make oath to such examination, the same being reduced to
writing. And until such proofs, examinations, declarations, certi-
ficates and exhibitions are produced, and permitted by the claim-
ant, when required as above, the loss shall not be payable." After
a fire whereby a loss occurred to the insured, notice and pre-
liminary proofs of loss, as required by another condition of the
policy, were furnished. This preliminary proof however, not being
satisfactory, an agent of the company sent to make scrutiny of the
matter, demanded of the insured that he should produce his bills
of purchase, and upon being informed by the insured, that these
had been burnt, the agent demanded duplicates of such bills, which
the insured failed to produce. The company refused to pay the
amount claimed by the insured, and his attorney notified the com-
pany of his intention to institute suit for the recovery of the claim.
To this notification the agent replied by letter as follows. " In reply
to your favor of 26th, giving notice of intended suit, I am instructed

Farmers' Fire Ins. Co., of York, Pa. *vs.* Mispelhorn.

to say, that the Farmers' Fire Insurance Company will contest the payment of A. Mispelhorn's claim, (in its present exaggerated form,) under the terms and conditions of his policy, though we should have preferred an amicable compromise. The company is more impelled to this course, as we cannot learn that the City Co., on the same risk have, or intend paying the claim as made. When they pay, this Co. will probably not delay longer. If, however, you prefer litigation with this Co., we shall contest the claim as above." The insured afterwards sued the company, and offered this letter in evidence to show waiver of further preliminary proof of loss under the afore-recited condition of the policy, HELD:

1st. That this letter was no waiver, but meant that the company still adhered to and would persist in its refusal to pay the claim, because it was excessive in amount, and that the terms and conditions of the policy would be relied on as a protection against what was regarded as an exaggerated demand.

2nd. That the object of the afore-recited condition in the policy was to put means in the power of the insurer to scrutinize the claims of the insured and to protect itself against fraud. The provision was such as the parties were competent to make, and having made it a part of their contract, the Courts have no dispensing power over it. The insured was not only bound to produce and exhibit to the company or its agent upon being required so to do, the bills of purchase if within his power or control, but if they were destroyed, he was bound to produce duplicates thereof, if it were possible for him so to do. Compliance with this condition, if required by the company, was indispensable to the insured's right of action.

The last clause of a prayer offered by the defendant which asserted that there was no evidence before the jury legally sufficient to show compliance by the plaintiff with the terms of the condition, (afore-recited,) or to excuse his non-compliance therewith, and, therefore, he was not entitled to recover, was improper, as there were some circumstances before the jury reflecting upon the question of the inability of the plaintiff to gratify the demand for duplicates of his bills of purchase; and that being the case the prayer should not have sought to withdraw that question from the jury.

APPEAL from the Court of Common Pleas.

This was an action brought by the appellee on a policy of insurance, issued to him by the appellant, to recover

the amount of the insurance, for loss and damage by fire to his stock in trade.

The sixth condition of the policy was as follows: "Persons sustaining loss or damage by fire, shall forthwith give notice thereof in writing to the secretary of the company, and as soon after as possible, shall deliver a true copy of the written part of the policy, with the endorsements thereon, (if any,) and a particular account of the loss or damage; and they shall accompany the same with their oath or affirmation, declaring the said account to be true and just; showing also what other insurances (if any) have been made on the same property, and giving a copy of the written portion of the policy of each company, with the endorsements thereon (if any;) whether incumbered, and if so, how, and to what amount; in what manner the building insured or containing the property insured, was occupied at the time of the loss, and who were occupants thereof; and when and how the fire originated, so far as they know or believe, or have any information." The eighth condition of the policy is set out in the opinion of the Court.

*Exception.*—The plaintiff at the trial to sustain the issue on his part, offered in evidence the policy of insurance, and called upon the defendant to produce the preliminary proofs of loss furnished by him to the defendant, and they were produced. The plaintiff also offered in evidence a letter, which is contained in the opinion of the Court, from Mr. Williams, the special agent of the defendant to Mr. Gleeson, the plaintiff's attorney.

The plaintiff offered other evidence and testified in his own behalf. Evidence was also offered by the defendant to support the issues on its part. The defendant offered the following prayers:

1. That under the eighth condition of the policy upon which this suit is brought, it was the duty of the plaintiff, when required by the insurance company, or its agent,

to produce and exhibit to said company, or its specially authorized agent, his bills of purchase, or duplicates thereof, before the loss under said policy could become payable. And that if the jury find that the plaintiff was required before the institution of this suit, and within a reasonable time after the fire, to produce and exhibit to said company, or its specially authorized agent, duplicates of his bills of purchase, the burden of proof is upon the plaintiff to show that he did so produce and exhibit duplicates of his bills of purchase, or to show that the production thereof was impossible, before he can maintain this suit, and that plaintiff has offered no evidence legally sufficient to show compliance in that respect on his part, with said eighth condition of said policy, or to excuse his non-compliance therewith, and is not entitled to recover.

2. That if the jury find from the evidence that the plaintiff has been guilty of any misrepresentation or concealment, or of any fraud or false swearing for the purpose of making or enlarging his claim for loss against the company, he is not entitled to recover.

3. That the evidence in this case is not legally sufficient to entitle the plaintiff to recover.

The Court, (DOBBIN, J.,) rejected the defendant's first and third prayers, and granted the second, and instructed the jury as follows:

"The jury are instructed, that if they find that the letter offered in evidence of 29th January, 1877, was written and sent by John T. Williams, the special agent of the defendant, to the attorney of the plaintiff, then said letter was a waiver on the part of the defendant of any further preliminary proof of loss than had before that time been presented to the company."

To the granting of the instruction given by the Court and accepted by the plaintiff, and to the refusal of the Court to grant the first and third prayers offered by the defendant, the defendant excepted. The verdict and judg-

ment being for the plaintiff, the defendant appealed. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER and ALVEY, J.

*Frank P. Clark* and *Charles Marshall*, for the appellant.

1. The eighth condition of the policy, which is made the subject of the first prayer of the appellant, is a condition competent for the appellant to embody in the contract, and being a condition precedent, strict compliance therewith was essential to the appellee's right to recover. *Wood on Fire Insurance, sec.* 423; *O'Brien vs. Commercial Fire Ins. Co.,* 63 *N. Y.,* 108.

2. It being shown by the proof of the appellant, and admitted by the appellee, that the appellee not only neglected, but positively refused to comply with the terms of the said condition, demand upon him that he should comply with its terms, having at the proper time been made upon him by the appellant, the appellee was not entitled to recover, and the Court below erred in refusing appellant's first prayer.

3. The eighth condition being a condition precedent to the appellee's right to recover, the *onus probandi* was on the appellee to show that it had been complied with, or else to account for his non-compliance therewith, the evidence being, as is stated in the immediately preceding proposition, the Court erred in refusing the appellant's third prayer.

To support the foregoing, the appellant relies upon the following indisputable proposition of law, to wit, that a party suing upon a contract, must show affirmatively, compliance on his part, with all terms and conditions contained in such contract as may involve the doing something on the part of the obligee, as essential to the liability of the obligor attaching. See the proviso in said eighth

condition, "and until such proofs, etc., etc., are produced, etc., etc., when required, etc., etc., the loss shall not be payable." In addition the appellant relies upon the following authorities. *Cinqu Mars vs. Equitable Ins. Co.,* 15 *Upper Canada,* 143, also 246; *Jube vs. Brooklyn Ins. Co.,* 28 *Barbour,* 412; *Blakely vs. Phoenix Ins. Co.,* 20 *Wisconsin,* 205; *Allegre vs. Maryland Ins. Co.,* 6 *H. & J.,* 408, affirmed in 2 *G. & J.,* 164; *Citizens' Ins. Co. vs. Doll,* 35 *Md.,* 102; *Franklin F. Ins. Co. vs. Chicago Ice Co.,* 36 *Md.,* 102; *Flanders on Ins.,* 563–578; *Battaile vs. Merch. Ins. Co.,* 3 *Rob. (La.,)* 384.

The instruction granted by the Court below was erroneous for several reasons. 1st. The letter in question could not be held to be a waiver. The act or course of conduct to constitute a waiver must be such as to mislead the party setting up the waiver, and induce his not doing something which he was under obligations to do, and which, it may be presumed, he would have done, but for such act or conduct. Or such as would render the doing the thing, which it is claimed should have been done, superfluous and impertinent. Tested by these rules, the letter in question possesses none of the essentials of a waiver. *Boyle vs. N. C. Mu.,* 7 *Jones' Law, N. C.,* 373; *Smith vs. Haverhill,* 1 *Allen,* 297; *Keenan vs. Miss. Ins. Co., Sup. Ct. Iowa, June Term,* 1861; *Kimball vs. Hamilton F. Ins., Co.,* 8 *Bosw., N. Y.,* 495; *Ayres vs. Hartford Ins. Co.,* 17 *Iowa,* 176; *Spring Garden Ins. Co. vs. Evans,* 9 *Md.,* 1; *Citizens' F. Ins. Co. vs. Doll,* 35 *Md.,* 89 *and post; Edwards vs. Balto. F. Ins. Co.,* 3 *Gill,* 176.

The correctness of this proposition is, perhaps, quite as clearly established by reference to those cases which this Court has held to constitute a waiver; see *Maryland Ins. Co. vs. Bathurst,* 5 *G. & J.,* 159; *Allegre vs. Md. Ins. Co.,* 6 *H. & J.,* 408; *Edwards vs. Balto. Ins. Co.,* 3 *Gill,* 176; *Franklin Ins. Co. vs. Coates,* 14 *Md.,* 285; *Franklin Fire Ins. Co. vs. Chicago Ice Co.,* 36 *Md.,* 106; *Planters' Mu. vs.*

*Deford*, 38 *Md.*, 398; *Fred. Co. Mu. vs. Deford*, 38 *Md.*, 415; *Kilips vs. Putnam*, 28 *Wis.*, 472.

The time when written, forbids that construction. The demand for the duplicate bills had been made on, or about the 6th day of December, 1876, this demand was repeated towards the latter part of December, 1876, and was outstanding when suit was brought, compliance on the part of the appellant having been refused.                    .

The reply of the appellant by the letter in question of the 29th January, 1877, was to the threat of suit, and distinctly warned the appellee that if he persisted in bringing his suit without complying with the terms and conditions of the policy, the suit would be defended, under these terms and conditions; and now the appellee claims that this letter, thus distinctly warning him that he must respect the terms of his contract, is to be held to be a waiver of those very terms. Is the proposition entitled to serious consideration?

2. The instruction of the Court is erroneous for a second reason—it did not meet even the requirements of the appellee's case below. The instruction admits that the appellee was bound to show that the demand for duplicate bills of purchase provided for by the eighth condition, had either been complied with or waived. Non-compliance on the appellee's part being admitted, the instruction directs the jury to find then, "that said letter was a   . waiver,"—of what—"of any further preliminary proof of loss." It will be observed that the eighth condition has no connection whatever with the preliminary proofs of loss, they are provided for by the sixth condition, and the terms of the eighth condition define what further is demandable by the appellant after the preliminary proofs have been submitted. Note the phraseology of the two conditions, the sixth "persons sustaining loss, &c., shall forthwith give notice," &c., &c. In other words furnish preliminary proofs of loss—the eighth condition, "and

whenever required, the insured, &c., shall produce," &c., &c.

The Court below entirely failed to interpret correctly the two several conditions of the policy, the one bearing on the preliminary proofs of loss, the other, on the rights and obligations of the parties arising between the time of submission of the proofs of loss, and the time that the appellee was in a position to maintain suit under the policy.

*William E. Gleeson,* for the appellee.

Assuming for the sake of the inquiry, that the total loss of his books and papers by fire, would not exempt the plaintiff from supplying them, if he could supply them, by secondary evidence or duplicates, it is contended that the letter of the defendant, dated 29th January, 1877, is a complete and unqualified waiver, under the eighth condition of the policy, of any and every supposed non-compliance with these conditions. *Franklin Fire Ins. Co. vs. Chicago Ice Co.,* 36 *Md.,* 102.

Where it was conditioned that the insured should produce his books of accounts and other vouchers, and they were consumed in the fire, the insured was thereby excused. *Mechanics' Fire Ins. Co. vs. Nicholls,* 16 *New Jersey,* 410.

The clause in the policy which makes preliminary proofs necessary before payment can be demanded, requires only the best evidence of the loss that the party possesses at the time. *Lawrence vs. Ocean Insurance Co.,* 11 *Johns.,* 240.

A bill of particulars of property was made after the fire by the witness, her father and mother, who put down all the missing articles which they could then remember. Held, it was admissible for the insured. *City Fire Insurance Co. vs. Carrugi,* 41 *Georgia,* 660.

Defects in preliminary proofs not pointed out are waived. 16 *Barbour,* 245; *McMasters vs. Westchester Co. Mu. In-*

*surance Co.,* 25 *Wendell,* 379; 2 *Ohio St.,* 452; *Tayloe vs. Merchants' Insurance Co.,* 9 *Howard,* 403; *Home Insurance Co. vs. Cohen,* 20 *Grattan,* 312.

A company may waive strict compliance with a requirement regarding proofs of loss, either by express terms, or by a course of conduct calculated to throw the insured off his guard, as by basing a refusal to pay upon other and distinct ground. *Hibernian Insurance Co. vs. O'Connor,* 29 *Michigan,* 241; *Franklin Fire Insurance Co. vs. Chicago Ice Co.,* 36 *Md.,* 102, and cases there cited; *Lycoming Fire Insurance Co. vs. Dunmore,* 75 *Illinois,* 14; *Alfred Patterson vs. Triumph Insurance Co.,* 64 *Maine,* 500.

Such waiver need not be express; it may be inferred from the acts of the insurers evidencing a recognition of their liability, or even from their denial of obligation exclusively for other reasons. *Inland Insurance Co. vs. Stauffer,* 9 *Casey, Pa.,* 404; *State Insurance Co. vs. Ford,* 83 *Pa.,* 279.

It is. there held that it is competent for insurers to waive performance of a formal condition, introduced into a policy solely for their own benefit. It is no new doctrine that insurers may waive objection to defective compliance with such a stipulation, or to entire non-compliance; and that such waiver, in fact, strikes the condition out of the contract. 1 *Dutcher, New Jersey,* 78; 9 *Howard,* 390.

Waiver may be inferred where the objections to such proof *is in general terms.* *Maddox vs. Phœnix Fire Insurance Co.,* 1 *South Carolina,* 24.

The insurers refuse to pay the claim on grounds other than defects in the preliminary proofs of loss. Held they could not afterwards insist upon such defects; and it matters not that they said in terms, "we waive nothing," the Court will look to their acts, and ascertain if there was a waiver. *Phillips vs. Protection Insurance Co.,* 14 *Mo.,* 220; *St. Louis Insurance Co. vs. Kyle,* 4 *Missouri,*

278; *Underhill vs. Aquum Fire Ins. Co.*, 6 *Cushing*, 540; *Angell on Insurance*, 270.

ALVEY, J., delivered the opinion of the Court.

The principal questions in this case are, whether the requirements of the eighth clause or condition of the policy of insurance sued on have been waived, or whether they have been complied with by the insured.

The policy provides that the insured should, forthwith after loss sustained, give notice thereof in writing to the secretary of the company, and, as soon thereafter as possible, deliver a particular account of the loss or damage sustained, under oath, declaring such account to be true and just, &c. This is required by the sixth clause or condition of the policy. In addition to this requirement, the policy contains, as its eighth clause or condition, the following stipulation:—

"And whenever required, the insured or person claiming shall produce and exhibit the books of account, bills of purchase, or duplicates thereof, and other vouchers, to the insurers or their specially authorized agent, in support of the claim, and permit extracts and copies thereof to be made; and also exhibit to any person or persons named by this company, and permit to be examined by them, any property damaged on which any loss·is claimed; and shall also, if required, submit to an examination or examinations, under oath, by the agent or attorney of this company, and answer all questions touching his, her or their knowledge of anything relating to such loss or damage, and subscribe and make oath to such examination, the same being reduced to writing. And until such proofs, examinations, declarations, certificates and exhibits are produced, and permitted by the claimant, when required as above, the loss shall not be payable."

The fire causing the loss occurred about the 20th of October, 1876, and the notice and preliminary proofs of

loss, as required by the sixth condition of the policy, appear to have been furnished. This preliminary proof, however, not being satisfactory to the company, a special agent was sent to Baltimore to make scrutiny into the matter, and to examine the insured. The examination of the insured on written interrogatories took place the 6th or 7th of December, 1876. The ground of objection urged by the company to the claim of the insured was that it was excessive, and all investigation had reference to that point of contest. At the time this investigation was going on, the agent of the company demanded of the insured that he should produce his bills of purchase; and upon being informed by the insured that they had been burnt, the agent then required him to produce duplicates of such bills, which the insured failed to do. The insured, in giving his testimony at the trial, on cross-examination, stated that such demand was made upon him; and he also stated that he told the agent that he could not get the duplicates required, and that he did not furnish them; and he further stated that he did not apply to any one from whom he had purchased goods, to furnish him with duplicates of his bills of purchase. After the investigation by the agent, the company still refusing to pay the amount claimed by the insured, the latter, by his attorney, notified the company of his intention to institute suit for the recovery of the claim. To this notification, the agent of the company replied by letter, dated the 29th of January, 1877, thus: "Dear Sir:—In reply to your favor of the 26th, giving notice of intended suit, I am instructed to say, that the Farmers' Fire Insurance Company will contest the payment of A. Mispelhorn's claim, (in its present exaggerated form,) under the terms and conditions of his policy, though we should have preferred an amicable compromise. The company is more impelled to this course, as we cannot learn that the City Co., on the same risk, have, or intend paying the claim as made. When they

pay, this Co. will probably not delay longer.   If, however, you prefer litigation with this Co., we shall contest the claim as above."

This letter was offered in evidence by the insured to show waiver; and the Court instructed the jury, that if they found such letter to have been written and sent to the plaintiff by the agent of the company, then there was a waiver on the part of the company of any further preliminary proof of loss than had before that time been presented to the company.   In thus instructing the jury we think there was error.

It must be borne in mind that the whole dispute or controversy between the parties was, and had been from the commencement, in regard to the amount of the claim made by the insured.   The company, according to the insured's own testimony, had offered to pay a less sum than that claimed by him, but which he refused.   In view of these facts, what meaning was conveyed by the letter of the agent, which informed the attorney of the insured that the company would contest the payment of the claim, *in its then exaggerated form, under the terms and conditions of the policy?*   Clearly, none other than that the company still adhered to and would persist in its refusal to pay the claim because it was excessive in amount, and that the terms and conditions of the policy would be relied on as a protection against what was regarded as an exaggerated demand.   If the letter had put the refusal to pay upon other and distinct grounds, or if it had been silent as to the grounds of refusal, but simply denied liability for the loss, without intimating that there was a defect, and in what particular, in the preliminary proofs furnished, then it might well have been insisted, according to the authorities, that there had been a waiver of all further preliminary proof; for otherwise the insured would have been liable to be taken by surprise.   But here the letter in evidence pointedly directs attention to the ground of refusal,

and the specific objection taken to the claim is one of those that might have been removed by compliance with the provisions of the eighth clause or condition of the policy. Upon what principle of construction then can we say that the proof required, under this eighth condition, has been waived? The letter must receive a rational construction, and one that will not unjustifiably deprive the insurer of the benefit of the terms and conditions of its contract. The very object of this eighth condition is to put means in the power of the insurer to scrutinize the claims of the insured, and to protect itself against fraud. The provision is such as the parties were competent to make, and having made it a part of their contract, the Courts have no dispensing power over it. Unless therefore it be shown to have been waived by the party entitled to the benefit of it, it must be enforced as any other provision of the contract; and, as we have already said, the letter of the 29th of January, 1877, cannot fairly be regarded as a waiver in that respect.

The construction of this eighth clause or condition, and the duty of the insured thereunder, on the requirement of the company, are correctly stated in the first prayer of the company, which was rejected by the Court below. The insured was not only bound to produce and exhibit to the company or its agent, upon being required so to do, the bills of purchase, if within his power or control, but, if they were destroyed, as he himself proved, he was bound to produce duplicates thereof, if it was possible for him so to do. And it was no excuse for his failure to produce such duplicates that they were not in his possession or at his command at the time of the demand made; if they could have been had by application to those who could have furnished them, he was bound to procure and exhibit them as required. Compliance with this condition, if required by the company, was indispensable to the insured's right of action, and there is no answer to

Farmers' Fire Ins. Co., of York, Pa. *vs.* Mispelhorn.

the objection that he had failed to comply, unless he could show, either that compliance had been waived, or that performance of the condition had become impossible without fault of his own. This construction is not only reasonable, but it would seem to be the only one of which the condition is susceptible. A condition substantially in the same terms as the present has received a similar construction to that here adopted, by the Court of Appeals of New York, in the recent case of *O'Brien vs. Commercial Fire Ins. Co.*, 63 *N. Y.*, 108. In that case, in speaking of the condition and what it required, the Court said: "The intent and meaning of the clause is neither ambiguous nor obscure, and, upon the most favorable interpretation for the insured, exacts from him, upon the requisition of the insurers, duplicates of his invoices of purchase, certified by the merchants from whom the purchases were made. The condition is reasonable and not difficult of performance, and the defendant has a right to insist upon a compliance."

But while we are of opinion that the defendant's first prayer embodies the correct interpretation of the eighth condition of the policy, the last clause of that prayer, which asserts that there was no evidence before the jury legally sufficient to show compliance by the plaintiff with the terms of the condition, or to excuse his non-compliance therewith, and therefore he was not entitled to recover, justified the Court in refusing the prayer as offered. We think there were some circumstances, before the jury reflecting upon the question of the inability of the plaintiff to gratify the demand for duplicates of his bills of purchase; and that being the case, the prayer should not have sought to withdraw that question from the jury.

The judgment will be reversed and a new trial ordered.

*Judgment reversed, and new trial awarded.*