# CHARLESTON.

ROSENTHALL Co. *v.* SCOTTISH INS. Co.

Submitted January 27, 1904.    Decided March 8, 1904.

1.  FIRE INSURANCE Co.—*Evidence.*

    In an action on fire insurance policy under the declaration prescribed by section 61, chapter 125, Code, 1899, if the defense is because of failure of the insured to comply with, or his violation of any clause, condition or warranty of the policy, though a precedent condition to recovery, no evidence is required of the plaintiff of his compliance therewith, unless the defendant file the statement required by section 64 of said chapter, specifying the clause, condition or warranty not kept or violated. When such statement of defense is filed the burden of proof to show compliance with the clause, condition or warranty specified in it, if a condition precedent to recovery, is upon the plaintiff. Point 15 of *Schwarzbach* v. *Pro. Union,* 25 W. Va. 622, overruled.    (p. 240).

2.  INSURANCE Co.—*Declaration—Evidence.*

    A statement under code 1899, chapter 125, section 64, specifying a clause, condition or warranty of a policy of fire

insurance not complied with or violated by the insured is not a plea governed by strict principles, but only a specification, and is not open to demurrer for insufficiency. If too vague, evidence under it may be excluded. (p. 240).

3. INSURANCE POLICY—*Warranty.*

   A clause in a fire insurance policy binding the insured to furnish for examination books of account, bills, invoices and other vouchers is a promissory warranty and compliance with it, in case of loss, is a condition precedent to recovery, unless waived or compliance with it is impossible. (p. 241).

Error to Circuit Court, Tucker County.

Action by the L. Rosenthal Clothing & Dry Goods Company against the Scottish Union & National Insurance Company. Judgment for defendant. Plaintiff brings error.

*Affirmed.*

C. O. STRIEBY, for plaintiff in error.

CUNNINGHAM & STALLINGS and WILL C. GUENTHER, for defendant in error.

BRANNON, JUDGE:

In an action of *assupmsit* in the circuit court of Tucker county by The L. Rosenthal Clothing and Dry Goods Company against Scottish Union and National Insurance Company, to recover for the loss by fire of a stock of goods insured by a policy issued by said company, the court directed a verdict and gave judgment for the defendant, and the Clothing Company brought the case to this Court.

The Insurance Company claims that there was no evidence given by the plaintiffs to warrant a verdict, because the policy contained certain promissory warranties with which the plaintiff failed to comply, and thus lost its right of action. Warranties in insurance law are of two kinds, affirmative and promissory. Affirmative warranties consist of a representation in the policy of a fact; promissory warranties are those that require that something shall be done or not done after the policy takes effect. If the one is false, it avoids the policy; and if a promissory warranty be not executed, this also avoids the policy. 15

Am. & Eng. Ency. L. (2nd ed.) 919, 920; 1 May on Ins., section 157.

One warranty in this policy is, that before it should go into effect the insured should make an inventory of the stock of goods, and another is, that they should keep books of account correctly detailing the purchases and sales. The Insurance Company claims that the Clothing Company failed to observe both these covenants; but it cannot have that matter considered because it did not specify any default as to those covenants in the circuit court. Turning to the Code of 1899, chapter 125, section 61, we find a short form of declaration on a policy of insurance, and that was used in this case. In section 64 we see that under such declaration "if the defense be that the action cannot be maintained because of the failure to perform or comply with or violation of any clause, condition or warranty in, upon or annexed to the policy, or contained in or upon any paper which is made by reference a part of the policy, the defendant must file a statement in writing specifying by reference thereto, or otherwise, the particular clause, condition or warranty in respect to which such failure or violation is claimed to have occurred." No statements were filed pointing out failure to comply with the two warranties above specified; but the Insurance Company would meet this trouble with the argument that as the making of the inventory and the keeping of books of purchases and sales are conditions precedent to recovery, proof thereof is essential to the plaintiff's case, and compliance with those warranties falls on a plaintiff to prove and that no statement pointing out noncompliance with them is necessary. It is no doubt true that if a common law declaration is filed, or rather by common law pleading, the plaintiff must allege and prove compliance with those warranties, because they are conditions precedent, and the declaration must aver that the plaintiff complied with them. 11 Ency. Pl. & Prac. 411, 413; May on Ins. section 589. But the statutory form contains no such averment, and dispenses with it, and section 64 plainly renders proof of compliance with them not necessary on the part of the plaintiff, unless a statement is filed by the defendant that those warranties have not been complied with. When such statement is filed, the plaintiff is told wherein he has failed to observe the policy, and then he must

prove such observance. The statute does not shift the burden of proof, but it does dispense with proof of observance of a clause or condition, when there is no statement calling that particular clause or condition in question. Looking at the broad words of section 64 we cannot say that it applies to some clauses and not to others. Common law pleading did require the declaration to aver compliance with conditions precedent; but this statute changes that. It is a remedial statute and must be liberally construed. Pleadings in insurance cases by common law were complicated and difficult, owing to the many stipulations in policies, and the object of the statute is to simplify. The statute allows the simple form of declaration, and it then provides for a plain plea that the defendant "is not liable to the plaintiff as in said declaration is alleged." That is the general issue; but it does not put the plaintiff on proof of his compliance with all the conditions precedent of his policy. They are very numerous, and for this reason, in order to eliminate all conditions and clauses not really in issue, and narrow the controversy to those conditions and clauses actually in issue, the legislature required the Insurance Company to file a statement as a specification of the particular clause or condition violated by the insured. All other conditions and clauses not thus brought into actual issue are out of the case. This is just, and the statute should be given such construction. It is the insurance company which complains of default, and it should specify wherein such default consists, and not compel the other party to produce a host of witnesses, and ramble over the numerous clauses of the policy. The statute does not change the burden of proof; the plaintiff still carries that as to contested conditions; but it does dispense with all conditions not brought into issue by the defendant, by requiring it to specify the broken clause, condition or warranty. The case of *Schwarzbach* v. *Protective Union*, 25 W. Va. 622, does support the position of the defendant that the plaintiff must prove the making of an inventory and keeping books of purchase and sales as an indispensable call of his case, though the defendant has not filed any statement that the clause requiring such inventory and books had not been complied with; but with great reluctance we are compelled to overrule point 15 of that case, because it is in the teeth of the statute and emasculates its vigor and effect. To what does the statute

apply? To what does it amount under that decision? That decision is all right under common law, as proof of loss is a condition precedent to recovery, and the declaration must aver it; but the statute dispenses with that averment by the statutory declaration, and no proof of it is required until the plaintiff is warned by a specification that he has failed in complying with the clause requiring it. The case of *Flanagan* v. *Phœnix Ins. Co.*, 42 W. Va. 426, by no means supports the position that the plaintiff must prove the precedent condition complied with, without a statement calling for it. It held, as we hold now, that the burden of proof of delivery of proof of loss is on the plaintiff when a statement demands it of him, but not otherwise.

There was a statement in that case.

I find the case of *Adkins* v. *Globe Fire Ins. Co.*, 45 W. Va. 384, holds that the plaintiff need not show proof of loss until the defendant has pleaded failure to furnish it. Here we have two conflicting decisions. Which shall we follow? We think the *Adkins case* the preferable one in view of the statute. The same may be said of the Iron Safe clause, which the defendant for the first time in this Court relies upon.

The defendant filed a statement of the violation of a warranty in the policy that the insured "shall produce for examination all books of account, bills, invoices, and other vouchers, or certified copies thereof if originals be lost, at such reasonable place as may be designated by this company, and shall permit extracts and copies thereof to be made." The plaintiffs say that this statement did not call for proof of compliance with this clause, because it simply says, by reference to the lines of the policy containing it, that the plaintiffs did not produce for examination all books of account, bills, invoices, and other vouchers, or certified copies thereof, in case the original were lost and did not permit extracts or copies thereof to be made, failing to say that those papers were demanded, and there was a failure to produced them at a reasonable time and place. This argument treats the statement under section 64 as if it were a formal plea; but plainly it is not to be so treated. Look at the section. It will be seen that a formal plea is not contemplated, since all that it requires is a simple statement specifying the particular clause, condition or warranty violated or not complied with, and it does not require further specification, or that legal certainty required

by formal pleading. The office performed by such statement is to tell the plaintiff what particular warranty he must show to have been complied with; it tells him what he must prove according to the common law. By common law he would have to prove compliance with clauses of the policy creating conditions precedent to recovery, and this statute is designed simply to point out the particular one of the many clauses with which he must prove compliance.

This is the view taken in *Cappellar* v. *Queen Ins. Co.*, 21 W. Va. 576, where it is held that such statements are not pleas, and that they cannot be rejected for defects as if pleas, but that if too vague, advantage is to be taken of such defect by excluding evidence under them.

The statement involved definitely specifies the lines of the policy containing the warranty now under discussion and plainly indicated its substance, and thus called on the plaintiff to prove compliance with that particular warranty singled out by the statement as required by the common law. The *Cappellar case* holds that such statement cannot be rejected for defects.

Did the plaintiff fail to prove compliance with the warranty requiring the plaintiffs to produce books and papers for examinations? The plaintiff firm was composed of Rosenthal, Hillelson and Kaplan. Hillelson and Kaplan constituted a firm doing business at Buckhannon, and they and Rosenthal formed a new firm, the plaintiffs in this case, to do business at Davis. The stock of goods of the new firm was composed of the goods owned by Hillelson and Kaplan, removed from Buckhannon to Davis and put into the new firm, and of new goods purchased by Rosenthal as his capital in the firm and sent to Davis and united with the goods furnished from Buckhannon by Hillelson & Kaplan, and of additions of new goods purchased at different times. There was no inventory of the goods sent from Buckhannon amounting to $5,716. The Insurance Company demanded inspection of books, bills and other papers relating to the stock. Rosenthal says he put into the firm upwards of six thousand dollars of goods. Exactly $6,135, and in the proof of loss he says that the three firms of which he bought these goods had gone out of business, and no verification or certification of them could be gotten. Why he does not say. The firms yet had their books, it is supposed. In his deposition he states that he sent

the original bills from the houses to his partner Hillelson at Davis. When Hillelson was asked for them he said that he would not send them to the company because he was afraid that it might destroy them, that they were valuable papers for the firm and must be retained for reference. When asked for copies they furnished only part of them, about half.

As to the large fraction of goods in the store furnished by Hillelson & Kaplan from the Buckhannon stock, Hillelson under oath admitted that it was impossible to get copies of bills from the parties of whom they bought, and it would entail great labor and expense to get copies of all the goods they had in stock, and from some wholesale houses it would be impossible to get copies at all. Now, here are thousands of dollars for which they furnished no bills, invoices or inventory for examination. They claimed the stock to amount to $14,015.50. Of these only 34 per cent. were purchased of disinterested parties, the balance being furnished by Rosenthal, claimed to be $3,542.39, leaving more than six thousand dollars for which no bills were furnished for examination or on the trial. The bulk of these goods were furnished by interested parties, and without exhibiting the bills of purchases they might put their own valuation upon them. No bills for the Hillelson & Kaplan goods were produced for examination. Moreover, what is very important, they did not produce them at the trial, showing that they were unable to comply with this warranty. They were experienced merchants and knew that due course of business, under policies of insurance requiring the production of bills of purchase when called for, imperatively required, fairly and honestly required, the preservation of bills of purchase so that in case of fire the insuring company might have some means from disinterested sources, the wholesale houses, by which to ascertain with reasonable certainty the extent of the loss. The plaintiffs made no effort to get these bills.

They do not show that they were lost. They give no sufficient excuse for non-production. They seem to think that the company must pay the loss as fixed by their own estimate, which at best, under the evidence, under their own evidence, is but guess work, as they kept no good books or accurate inventory. This appears from the whole evidence in the case. Their evidence is unsatisfactory and discrepant. How material it is that the company when loss occurs should have these bills of purcchase

to go by in protecting itself from fraudulent claim or over valuation by interested parties.

This covenant is surely the essence of the contract. None could be more material to the insurance company. The in·sured party must be always ready to show his loss. Papers that were the best evidence of value were absent when called for, an1 absent at the trial. The plaintiffs refused to send what papers they had to Cleveland for examination by the company, but demanded that a place in West Virginia be fixed for examination of such papers as they could present, although, the policy gave power to the company to designate the place; but what does that matter when we know that they did not have such papers to prove the full sum they demanded, since they did not produce them in the circuit court of Tucker county, that is, as to a very large portion of the valuation claimed? The company seems to have suspected foul play in the destruction of the goods and over valuation. The business began 1st of November and in November and December the firm took out policies from several insurance companies to the extent of some ten thousand dollars. The policy in question is for $1,500 dating 5th December, 1893. The fire was 12th January, 1894. The warranty in question was not complied with. Being a promissory warranty this defeats recovery. *O'Brien* v. *Commercial Ins. Co.,* 64 N. Y. 108; 2 May on Ins. section 465; *Farmers Ins. Co.* v. *Mispelhorn,* 50 Md. 180. In the latter case the court said: "The very object of this eighth condition is to put means in the power of the insurer to scrutinize the claims of the insured, and to protect itself against fraud. The provision is such as the parties were competent to make, and having made it a part of their contract the courts have no dispensing power over it." For want of these papers there was not such preliminary proof of loss or proof of loss on the trial, as the policy demanded, as justice demanded, because the burden of proof of compliance with this necessary requirement of the policy was on the plaintiff. It was a promissory warranty, compliance was a condition precedent to recovery and the burden of showing it was on the plaintiff. *Flanagan* v. *Phoenix Ins. Co.,* 42 W. Va. 246; *Adkins* v. *Globe Ins. Co.,* 45 *Id.* 348; 4 Joyce on Ins. section 3790. The evidence to meet this requirement of the policy being thus short and insufficient to warrant a verdict, the court was justi-

fied in directing a verdict for the defendant. *Ketterman* v. *Dry Fork R. Co.*, 48 W. Va. 606. It is hardly necessary to say that the exceptions because of refusal of the court to allow certain questions be answered by Hillelson cannot be sustained, because it does not appear what the witness would answer or what he was expected to answer, so that we can see whether the answer would be material. *Jackson* v. *Hough*, 38 W. Va. 237; *Brock* v. *Bear*, 42 S. E. 307; *Sesler* v. *Coal Co.*, 51 W. Va. 318.

Decree affirmed.

*Affirmed.*