HESTER H. LAYFIELD *v.* JEFFERSON STANDARD LIFE
INSURANCE COMPANY

(No. 8740)

Submitted September 14, 1938.   Decided November 1, 1938.

*Robinson & Stump, John S. Stump, Jr.,* and *James W. Wilson, Jr.,* for plaintiff in error.

*Steptoe & Johnson, Leo P. Caulfield* and *James M. Guiher,* for defendant in error.

RILEY, JUDGE:

Hester H. Layfield instituted this action in assumpsit in the circuit court of Harrison County against the defendant, Jefferson Standard Life Insurance Company, to recover, as the beneficiary, upon a life insurance policy issued by the defendant on the life of Bertha Heck Garrow. From a judgment, based upon a jury verdict in plaintiff's favor, defendant prosecutes this writ of error.

Bertha Heck Garrow originally was insured in a life insurance policy No. 533,992, issued by the defendant company, which lapsed for non-payment of premiums about April 15, 1935. This policy evidently had been issued by the insurance company upon an application filed by the insured, dated January 16, 1935. On November 13, 1935, the insured applied for a reinstatement of the lapsed policy on an application taken by the defendant's agent, D. Bruce Hankey, on a non-medical form, styled "Application for Reissue of Lapsed Policy." The defendant company, by reason of a change in the insured's age, rejected the form of this application and required a form which included a medical examiner's report. The company's requirement was met by the execution of an application, dated January 3, 1936, upon a medical form which was obtained by the agent, Hankey. To this application, Dr. W. H. Allman, the company's examining physician, attached his report, which report indicated that the insured was a person of sound health, having a blood pressure within normal limits. Based upon this application, a reissue or reinstatement of the original policy was issued to the insured, bearing date November 15, 1935, numbered 567,342, and being in the amount of $3,000.00, the amount of the original policy. This policy was post-dated to November 15, 1935, so as to be adjusted to the payment of premiums by the insured.

When the reinstatement policy was delivered to the insured, there was attached thereto a photostatic copy of the application, dated January 16, 1935, entitled "Appli-

cation for Life Insurance in Jefferson Standard Life Insurance Company", and the application dated November 13, 1935, entitled "Application for Reissue of Lapsed Policy". This policy, with the two attached applications, was filed by the plaintiff in this action as a part of her statutory declaration.

On April 16, 1936, the insured, while on a business trip to Pittsburgh, Pennsylvania, experienced a numbness in her left arm, complained of a chill, collapsed and died within a half hour, having never regained consciousness. In the proof of claim filed by the plaintiff, Hester H. Layfield, the cause of death was inserted by the insurance company's agent as being cerebral hemorrhage.

After the case was matured for trial at the September, 1936, term of the circuit court, it was continued to the January, 1937, term upon the agreement between the parties that the issues would be made up at said September term. Pursuant to this agreement, the defendant company, on September 8, 1936, filed the three following pleadings:

A. The plea of general issue.

B. Specifications of defense, under the requirements of Code, 56-4-21. These specifications alleged, by way of defense, that Mrs. Garrow had falsely answered three questions in the applications of November 13, 1935, and January 3, 1936 (these questions being the same in both applications):

> "1st. What sickness, ailment or injury since the day of examination for above numbered policy have you had? None."

> "3rd. Have you been attended or prescribed for by any physician since examination for above numbered policy? No."

> "12th. Do you warrant and declare that you are of sound constitution, temperate habits and in good health? Yes."

C. A special plea was also filed entitled "Special Plea of Fraud in Procurement of Contract." This plea was

based upon alleged fraud committed by Mrs. Garrow in falsely answering the same three questions relied on in the specifications of defense. We have noted carefully that neither in the specifications of defense nor the special plea was any mention whatever made of the application of January 16, 1935.

The plaintiff joined issue upon the general plea, filed her replications to the defendant's specifications of defense and the special plea of fraud.

The case came on for trial at the January, 1937, term, pursuant to the agreement had at the September, 1936, term of court. Counsel for plaintiff in offering the policy in evidence, stated that what purported to be photostatic copies of two applications attached thereto, were not included in the proffer. Later all three applications were introduced by defendant over plaintiff's objection. After defendant had partially completed its case, leave was sought to file amended specifications of defense, which alleged fraud and false statements by Mrs. Garrow in the application for the original policy, dated January 16, 1935. The circuit court refused to permit such amendment, (1) because of the agreement of counsel at the former term of court making up the issues, and (2) because the tender of the proposed amendment was not made five days before the date set for trial, as provided by the rule of the circuit court made in pursuance of section B, rule 5 of the Rules of Practice promulgated by this Court.

The soundness of the court's ruling on the attempted amendment to the specifications of defense becomes pertinent under the provisions of Code, 56-4-21, which provides, in effect, that any failure of performance, noncompliance, or violation of any clause, condition, or warranty contained in any policy of insurance, or paper made a part thereof shall be available as defense by being set forth in written specifications of defense. Under this section of the Code, any representation or warranty falsely made by the insured in the application of January 16, 1935, would not have *ipso facto* vitiated the policy

under the state of the pleadings as the issue was made up in the trial. This statement becomes most important when we consider that in the application of January 16, 1935, the insured did make material statements which, under the facts and circumstances of this case, were clearly untrue. In this application, she represented falsely that she had not made an application for life insurance without receiving a policy, as applied for, and that she had not received any medical or surgical advice or attention within the past ten years. Whereas, in truth and in fact, in 1930, the insured was examined by the medical examiner for The Equitable Life Assurance Society of the United States, who informed her that it would be useless for her to send her application to the company, as it would be rejected because of her excessive high blood pressure; and further, contrary to her statement made in the application, the insured was under the medical care of Dr. Harry H. Esker, her family physician, who treated her eight or ten times following the death of her husband on December 8, 1933, and in November, 1934, had been called to treat her when she experienced a fainting spell. These representations were clearly proved and if properly pleaded, would have been a complete defense to the action. In *Kent* v. *General American Life Ins. Co.*, 120 W. Va. 58, 195 S. E. 670, this Court held: "Where a specific answer is sought by the insurer in an application for an insurance policy, the fact elicited thereby will be treated as a material one; and if such answer, whether it be treated as a representation or warranty, is untrue, the policy will ordinarily be forfeited." See also, *Leadman* v. *Aetna Life Ins. Co.*, 112 W. Va. 53, 163 S. E. 716, and the many West Virginia cases cited by Judge Fox in his opinion in the *Kent* case. Under the rules of practice of the circuit court of Harrison County, providing for the amendment of pleadings, etc., the defendant was not entitled to rely upon the statements contained in the application of January 16, 1935.

It follows from what has been said that this case must

be viewed as though the only representations made by the insured were those made in answer to the three questions contained in the applications of November 13, 1935, and January 3, 1936, set forth in the specifications of defense and in the special plea of fraud. With this in mind, let us analyze the answers to these three questions in the light of the present record. The first question and answer are: "What sickness, ailment or injury since the day of examination for above numbered policy have you had? None." Except for certain declarations attributed to the insured by defendant's witnesses, which will be discussed later in this opinion, there is a dearth in the record of any sickness, ailment or injury since the date of the original policy which is specifically set forth in the application as policy number 533,992.

The second question and answer read: "Have you been attended or prescribed for by any physician since examination for above numbered policy? No." Likewise, the record does not disclose any occasion upon which the insured had been attended or prescribed for by any physician since the application of January 16, 1935.

The third question in the specifications of defense, which was answered in the affirmative by the insured, reads: "Do you warrant and declare that you are of sound constitution, temperate habits and in good health?" This question is so general in its scope and of such a nature that it simply elicits from the insured an opinion as to the matters inquired of. In *Kent* v. *General American Life Ins. Co., supra,* this Court held that a question in an application "Are you now in good health?" simply elicited from the insured her opinion as to the condition of her health, and therefore the question was simply one for the jury. The record having disclosed that the insured was a person of temperate habits, the inquiry as to whether she was of sound constitution and good health is not unlike the inquiry made of the insured in the *Kent* case. Clearly, the question seeks to elicit an opinion as to these matters. A misrepresentation of

a matter of opinion in a life insurance policy, or the application attached thereto, made in good faith, will not vitiate the policy. In addition to the *Kent* case, see *Goodbar* v. *Western & Southern Life Ins. Co.*, 89 W. Va. 221, 227, 108 S. E. 896; *Schwarzbach* v. *Ohio Valley Protective Union*, 25 W. Va. 622, 657, 52 Am. Rep. 227. Defendant's counsel suggest, however, that by the use of the word "warrant" in the third question as to the insured's good health, the question and answer together constitute a warranty. If such is the case, of course, the insured's good faith does not intervene to prevent forfeiture. Generally, a breach of warranty in a life insurance policy, regardless of good faith, *ipso facto,* will vitiate the policy, and this is true without regard to the materiality of the fact warranted. 4 Couch Cyc. Ins. Law, sections 868, 869; *Marshall* v. *Locomotive E. M. L. & A. Ins. Assoc.*, 79 W. Va. 121, 90 S. E. 847. This question and answer, standing alone, undoubtedly would preclude recovery. However, the policy provides: "*All* statements made by the insured in the application in the absence of fraud shall be deemed representations and not warranties." (Italics supplied.) The policy and application being inconsistent in this regard, the answer to the question as to the insured's good health constitutes a representation and not a warranty. Both the application and policy must be read together, and being so read, the clause of the policy, when accepted by the insured, controls. *Myers, Committee, etc.* v. *The Mutual Life Ins. Co.*, 83 W. Va. 390, 98 S. E. 424; *Tucker* v. *The Colonial Fire Ins. Co.*, 58 W. Va. 30, 51 S. E. 86; *Logan* v. *Provident Savings Life Assur. Soc.*, 57 W. Va. 384, 50 S. E. 529; *Moulor* v. *American Life Insurance Co.*, 111 U. S. 335, 28 L. Ed. 447, 4 Sup. Ct. 466; *Liverpool, etc. Ins. Co.* v. *Kearney,* 180 U. S. 132, 45 L. Ed. 460, 21 Sup. Ct. 326; *St. Paul Fire & Marine Ins. Co.* v. *Ruddy,* 299 Fed. 189. This rule of construction prevails nevertheless where, as in the instant case, the insured uses in the application express words of warranty. 4 Couch Cyc. Ins. Law, sec. 864.

What of insured's good faith in representing that she was of sound constitution and good health? True, as heretofore stated, she was examined for life insurance in February, 1934, by the medical examiner of another insurance company and told that her blood pressure was too high; she was treated by her family physician for a number of months after her husband's death in December, 1933, for what he termed "hypertension" attributed to nervousness due to her husband's death and subsequent financial troubles; and on one occasion prior to the date of the original application, her family physician was called to treat her during a fainting spell. However, at the time of her examination by defendant's medical examiner for the policy in question, he found her blood pressure, measured by a baumanometer, systolic 130, diastolic 90, which two physicians testified was normal. The good faith of the insured's answer as to good health was submitted to the jury by instructions offered by defendant. Beyond doubt, the jury had the right to infer that the insured, relying upon the examination of defendant's own medical examiner, actually thought her health good.

During the trial, certain of defendant's witnesses testified that in the year 1935 insured had stated that she was afflicted with high blood pressure. The court admitted this testimony but *ex mero motu* instructed the jury that the testimony was admissible as evidence of the assured's belief that she was suffering from high blood pressure and not that she was actually so afflicted. Defendant cites as error the giving of this instruction. We, however, perceive no prejudicial error in the court's action. In *Union Central Life Ins. Co.* v. *Pollard,* 94 Va. 146, 156, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. Rep. 715, the Virginia court held that declarations by an insured in a prior application for a policy were not admissible against the beneficiary to prove the facts stated in it, but evidence having been offered tending to show his age, the declarations were competent to show that he had knowledge of his age. See generally, note to *Wirthlin*

v. *Mutual Life Ins. Co.*, 56 Fed. (2d) 137, 86 A. L. R. 138, 151 and 152. The verdict being in plaintiff's favor, the question of the admissibility of this testimony is not before this Court. Whether, under the provisions of the respective policies *Schwarzbach* v. *Ohio Valley Protective Union*, 25 W. Va. 622, 52 Am. Rep. 227, cited by plaintiff's counsel, is applicable to the instant case need not be decided.

Defendant's counsel, however, say that fraud in the procurement of the contract could be proved under the general issue, notwithstanding the limited scope of the specifications of defense and the special plea of fraud. In this regard, reliance is had on claimed false answers in the original application of January 16, 1935, and *Bowyer* v. *Continental Casualty Co.*, 72 W. Va. 333, 78 S. E. 1000, is cited. There, the application was not a part of the policy. Here, the application of January 16, 1935, was attached to the policy, made a part thereof by the express provisions of the applications of November 13, 1935, and of January 3, 1936, and the policy itself provided specially that both it and the application constitute the entire contract. How, then, can we say that the broad and all-inclusive provisions of Code, 56-4-21, will admit of the use of the general issue in the instant case? " * * * if in any action on a policy of insurance," this section reads, "the defense be that the action cannot be maintained because of the failure to perform or comply with, or violation of, any clause, condition, or warranty in, upon or annexed to the policy or contained *in or upon any paper which is made by reference a part of the policy,* the defendant must file a writing specifying by reference thereto, or otherwise, the particular clause, condition, or warranty in respect to which such failure or violation is claimed to have occurred." (Italics supplied.) Clearly, under the circumstances of the instant case, this statute, properly construed, will not permit the use of the plea of general issue. This is in conformity with our practice. *Hinkle* v. *North River Ins. Co.*, 70 W. Va. 681, 683, 75 S. E. 54, 39 L. R. A. (N. S.) 1183n;

*Rosenthall Co.* v. *Scottish Ins. Co.*, 55 W. Va. 238, 46 S. E. 1021. The circuit court having admitted all three applications, submitted the case to the jury, and a verdict having been rendered for the plaintiff, the error is without prejudice.

After carefully considering the record, briefs and oral argument, we are of the opinion that the trial court committed no prejudicial error. The judgment complained of, therefore, is affirmed.

*Affirmed.*