## HUGHES *v.* THE STATE OF IOWA.

Where it appeared from the transcript of a record in a criminal case, that the indictment had been presented in open court, by the foreman, in the presence of the grand jury; that the defendant appeared by counsel, and pleaded not guilty; and that there was a trial; and where it did not appear that the indictment was indorsed a true bill, nor that it was marked filed by the clerk; *Held*, That the defendant, by pleading and going to trial, waived the objection to the indictment.

Where a party is convicted of an assault and battery, a judgment may be rendered against him in his absence.

Where a judgment in a criminal case, rendered in the Marshall District Court, after adjudging that the State recover a fine of two hundred dollars, and that execution issue therefor, contained the following provision: "And further be it ordered, that the clerk make out a mittimus to the sheriff of Polk county, to confine the body of the prisoner in the Polk county jail, for the space of six months;" *Held*, 1. That the judgment was irregular in

form, but that its meaning was, that the defendant be imprisoned for the time specified therein, besides paying the fine of two hundred dollars; 2. That as the record did not show that there was a sufficient jail in the county where the judgment was rendered, the presumption was in favor of the regularity of the proceedings of the court below, and the court could. not say there was error in directing the imprisonment of the defendant in a different county.

*Error to the Marshall District Court.*

INDICTMENT for assault and battery. The facts of the case will be found fully stated in the opinion of the court.

*James D. Templin,* for the plaintiff in error.

*Delos Arnold* and *S. A. Rice,* (Atty. Genl.) for the State.

WOODWARD, J.—A complaint was filed before a magistrate against the defendant, for an assault with intent to kill. He was recognized to appear at the District Court, where an indictment was found for an assault and battery. The defendant pleaded not guilty, and on trial, was sentenced to pay a fine of two hundred dollars. The case does not show any motion or demurrer made—any instructions asked—nor a bill of exceptions taken, upon any ground. After verdict, the defendant filed a motion of the following tenor: first, to set aside the judgment, as the same is contrary to evidence and verdict; second, to arrest the judgment; third, the fine is excessive, and contrary to the evidence and the law in the case; fourth, the imprisonment is excessive. This third and fourth allegation, would seem to be designed as specifications under the second ground of motion. The errors now assigned in this court, are the following in substance:

First. That the court erred in rendering judgment upon a verdict found upon a paper purporting to be an indictment, but which does not appear to have been filed in the court, nor indorsed a true bill, nor to have been properly

found by a grand jury, and which cannot support a judgment rendered thereon.

The bill of indictment appears to have been presented in open court, by the foreman, in the presence of the grand jury; but the transcript of record does not show that it was indorsed a true bill, nor that it was marked filed by the clerk. But the defendant pleaded not guilty, and appeared, at least, by counsel, and there was a trial. Thus far, there was a waiver of the objection. Perhaps, however, he could take advantage of it in arrest, but did he do so? The motion in arrest of judgment does not make this one of the grounds. And it is too late to take the exception now for the first time, on assigning errors in this court. There has been no foundation laid below. No objection was made there.

The second error alleged is in rendering judgment in the absence of the defendant. It does not appear clearly that this was the case; but if it were so, the offense charged being a misdemeanor, judgment could be rendered in the defendant's absence, by section 3059 of the Code.

The third and fourth assignment of errors, relate to the ordering a mittimus to issue to the sheriff of Polk county, instead of the sheriff of Marshall county; and also allege error in ordering a mittimus when there was no judgment or sentence of imprisonment. The judgment is somewhat irregular in its form. After adjudging that the state recover the fine of two hundred dollars, and that execution issue therefor, it proceeds: "And farther, be it ordered that the clerk make out a mittimus to the sheriff of Polk county, to confine the body of the prisoner, in the Polk county jail, for the space of six months." It is difficult to attach any other meaning to this clause of the judgment, than that the defendant be imprisoned for the time therein named, besides paying a fine of two hundred dollars. Then, the law provides, that when the county in which the prisoner should properly be confined, has no sufficient jail, the court may direct his committal to the jail of some other convenient county. Code, § 3073. And as the defendant has not shown, by bill of exceptions or otherwise, that there was a

sufficient jail in Marshall county, and as the presumption is in favor of the regularity of the proceeding of the court, we cannot say that there was error in directing his imprisonment in Polk county.

The judgment of the District Court is affirmed.    .