# WHEELING.

1873.
June Term.

## GAS COMPANY *v.* WHEELING.

### July 22, 1873.

1. The provision of section 2, of chapter 124, of the Code, as amended in 1871, "that process shall be returnable within ninety days from its date," is applicable to a summons in unlawful detainer.

2. Such a summons, returnable to a term of the circuit court, not expressly to the first day, or to any day thereof, upon the authority of a case decided by the Court of Appeals of Virginia, is good.

3. When a summons in unlawful detainer is returnable to the first day of a term of the circuit court, or to the court generally, when that is equivalent to the first day of the term, it is not necessary that the court should make any order to docket the case.

This was an appeal, by the plaintiff below, from the judgment of the circuit court of Ohio county, rendered on the thirty-first day of October, 1872. The Hon. Thayer Melvin, Judge of the First Judicial Circuit, presided at the trial of the cause.

On the sixteenth day of June, 1871, the Wheeling Gas Company sued out of the Clerk's office of said circuit court of Ohio county, a summons in unlawful detainer, against the city of Wheeling, Andrew J. Sweeney, Michael Reilly, William B. Simpson, George W. Jeffers, Perry Tracy and William Newton Tracy, commanding the said defendants to appear before the circuit court aforesaid, "*at the term thereof to be commenced in the month of October next,*" (which was the third Monday of October and the sixteenth day of the month), to shew cause why they unlawfully withheld possession from the said plaintiff, of certain lots and parts of lots, situated in said city, and particularly described in the summons. The

cause was entered on the trial docket of said court, for trial, on the sixteenth day of October, 1871, that being the first day of the October term, and was, subsequently, continued, generally, for the term. The cause was continued, pursuant to the statute, without any special order therefor, from term to term until the October term, 1872, when the defendants appeared and craved oyer of the said summons, and moved the court to quash the same, which motion the court sustained and dismissed the said cause at the costs of the plaintiff. To this ruling and opinion the plaintiff excepted and tendered its bill of exceptions, which was signed and made a part of the record. It is not deemed necessary to further allude to said bill of exceptions as the substance of the same is hereinafter set forth. The statutes alluded to in the opinion of the court are sufficiently set forth therein.

*James S. Wheat, Daniel Lamb* and *Joseph H. Pendleton,* for the appellant.

*C. W. B. Allison* and *George W. Jeffers,* for the appellees.

HOFFMAN, JUDGE:

Chapter 124 of the Code relates to "process and the order of publication." The first division relates to "process generally." In the year 1871, section 2 was amended and re-enacted so that it is as follows:

"Process from any court, whether original, mesne or final, may be directed to the sheriff of any county, except that process against a defendant (unless a railroad, canal, turnpike, telegraph company or insurance company be defendant) to answer any action brought under the second section of chapter 123, shall not be directed to an officer of any other county than that wherein the action is brought. Any process may be executed on, or before, the return day thereof. If it appear to be duly served, and good in other respects, it shall be deemed valid, although not directed to any officer, or if directed to an officer, though executed by any other to whom it

might lawfully have been directed. Process to commence suits, including writs of *scire facias, mandamus,* prohibition and the *alias* or other process, when the original is returned not executed, may also be served by any credible person ; and the return of such person, verified by his affidavit, shall be evidence of the manner and time of service. Any process shall be returnable within ninety days after its date, to the court on the first day of a term, or in the clerk's office, to the first Monday in a month, or to some rule day, except as follows: A summons for a witness shall be returnable on whatever day his attendance is desired, and an order of attachment may be returnable to the next term of the court, although more than ninety days from the date of the order, and process awarded in the court may be returnable as the court may direct."

Chapter 89 relates to "summary remedy for unlawful entry and detainer," in the circuit court. Sections 1 and 2 are as follows :

"1. If any forcible or unlawful entry be made upon lands, or if when the entry is lawful or peaceable, the tenant shall detain the possession of land after his right has expired, without the consent of him who is entitled to the possession, the party so turned out of possession, no matter what right or title he had thereto, or the party against whom such possession is unlawfully detained, may within three years after such forcible or unlawful entry, or such unlawful detainer, sue out of the clerk's office of the circuit court of the county in which such land, or some part thereof, may be, a summons against the defendant to answer the complaint of the plaintiff, that the defendant is in the possession and unlawfully withholds from the plaintiff the premises in question (describing the same with convenient certainty) ; and no other declaration shall be required.

"2. The summons may be returnable to and the case heard and determined at any term of such circuit court. Such summons shall be served at least ten days before

the return day thereof. If the defendant appear, he shall plead to the summons, and his plea shall be 'not guilty.' Upon this issue, or upon the return of the first, or any subsequent summons, 'executed,' if the defendant fail to plead, a jury shall be impanelled to try whether he unlawfully withholds the premises in controversy. Such cause shall have precedence for trial over all other civil causes on the docket."

1873.
June Term.

Gas Company
v.
Wheeling.

Section 2 of chapter 124 is general in its operation—applicable to any action, suit or proceeding in which a summons or other process issues from a court, unless some legal provision excludes it from operation in a special class of cases. The proceeding for forcible or unlawful entry or unlawful detainer, is an action in which such process is issued.

Even under former law, when the proceeding was instituted by a warrant from a justice of the peace, requiring an officer to summon the wrong-doer to appear before two justices of the peace, who, by that authority, should hold a court to try the complaint, it was held that the proceeding was an action subject to a statute applicable to civil actions generally. *Harrison v. Middleton.* 11 Gratt. 527; *Kincheloe v. Tracewell, Id.* 587. When, by subsequent legislation, it was provided that the proceeding should be commenced by a summons sued out of the clerk's office of the circuit court. and that the case should be heard and determined by that court, if there had been doubt on the subject before, none can now remain, that the proceeding was and is an action, to which general statutory and judicial regulations of practice are applicable. except so far as they may be excluded by special provisions.

Section 2 of chapter 124 prescribes to whom process may be directed, by whom and when it may be served and returned, how the return shall be verified, and within what time and to what day of a term of the court, or rules in the office, it shall be returnable. So comprehen-

4

sive was it intended that these provisions should be regarded, that it was deemed proper to annex a special exception to exclude a summons for witnesses, an order of attachment and process awarded in court, from the rigid operation of the statute, and subject such process to the discretionary action of the court.

The section requires that process shall be returnable within ninety days after its date. This provision applies to a summons in unlawful detainer, which is such process.

At the first reading of section 2 of chapter 89, it strikes the mind forcibly that it was intended to authorize the summons to be returnable to any term of the circuit court, without regard to the provisions of section 2 of chapter 124, requiring that the process shall be returnable within ninety days from its date. But a careful examination of the subject enforces upon the understanding a different construction.

As far back in the last century as I have examined the legislation on the subject, and thence till the Code of 1849 took effect, process to commence actions and suits in the General Court, County Courts, District Superior Courts, County Superior Courts, High Court of Chancery and Circuit Superior Courts of Law and Chancery—all the courts of record in the State having original, legal or equitable jurisdiction, were by law required to be made returnable to the first or some other day of the next term of the court after the date of the process. or the first quarterly term of the county court, or some previous rule day. Such process was never, during the period referred to, returnable at a time beyond the first term of the court after its issuance. Under the code of 1849, the process was returnable, as according to the law of this State already quoted, it is returnable.

What is here said is true, not only as to process in personal actions, but to the writ of right.

In the year 1813, the warrant of forcible or unlawful entry or detainer, was made returnable not less than ten,

nor more than twenty, days after its date. This continued to be the law, till, in the year 1849, in the Code, and in the year 1857, the same provision was enacted, which, in 1869, was adopted as a part of the Code of this State,—except that by the Code of Virginia the summons was returnable to, and the cause heard in, the county court; and by the act of 1857, the county or circuit court ; whereas, by the law in the Code of this State, the summons, when not brought before a justice, is returnable, and the case heard and determined, in the circuit court.

Unquestionably there should be a legislative limit to the time within which a summons in forcible or unlawful entry or unlawful detainer shall be returnable. Otherwise a party might require another to appear and answer at any time that he might fix, however remote, no matter how inconvenient, by change of residence or other circumstance, it may have become for him to do so. Thus it would be in the power of one party to delay another and keep him in suspense for years, or to wait till under the statute the time was about to expire within which he might institute the proceeding; and then have the summons made returnable after any number of years—even many more, than, computed from the time when the right accrued, would bar the suit—and so avoid the operation of the statute of limitations, intended for the protection of the party having the possession. As a legislative prescription of the time within which the summons should be returnable is undeniably proper, and is found in section two of chapter one hundred and twenty-four, and no where else, we cannot but attribute to that section such application to this subject.

The purpose of section two of chapter eighty-nine, was not to withdraw a summons in forcible or unlawful entry or unlawful detainer from the influence of the provision that "process shall be returnable within ninety days from its date." That section does not specify whether the process shall be returnable to the next term

of the court after its date or a subsequent term, or whether to the first or a later day of the term. It was clearly not intended to allow the summons, at the pleasure of the plaintiff, to be made returnable at any term of the court he might name, in the distant future.

As chapter eighty-nine left the regulations of section two of chapter one hundred and twenty-four, relative to the direction and manner of service of the summons and the verification of the return applicable to suits for forcible or unlawful entry or unlawful detainer, so it left the rule as to the time after the date, within which the summons should be returned, likewise applicable to the same class of cases.

The object of the provision that "the summons may be returnable to and the case heard at any term of the circuit court," is to confer on that court jurisdiction of the class of cases to which it relates.

This construction cannot so prevent a party from asserting his right to the action in question as to occasion serious inconvenience.

There is no very strong reason why the summons in unlawful detainer should, or should not, be returnable to a rule day—unless the provision of the statute that process shall be returnable within ninety days, and the failure of the court to sit within such time after the party determines to sue, be deemed to furnish such reason. Process has long been, and still is, returnable to the first day of the term of a court, in cases in which an appearance cannot be made, if at all, for any practicable purpose, till the next rule day thereafter; because the case must be matured at rules for trial in court. That a summons in forcible or unlawful entry or unlawful detainer should be returnable to a rule day, is certainly far more reasonable than that practice. Upon such an appearance the defendant might plead, and from that time to the sitting of the court each party could prepare for trial. But the legislature, in section 2, of chapter 89, has provided that in forcible or unlawful entry or un-

lawful detainer, on the return of the summons executed, whether there is an issue or not, a jury shall be impanelled to try the complaint of unlawful holding ; so that there is, generally at least, no necessity for rules to mature the cause for trial. And the Supreme Court of Appeals, in the case of *Gorman v. Steed*, held, that in such case, a summons could not be made returnable to rules. W. Va. 1.

<div style="float:right">1873.<br>June Term.<br>————<br>Gas Company.<br>v.<br>Wheeling.</div>

But if the statute does not authorize the return of the summons to a rule day, the party may have it issued within three years after the cause of the proceeding accrued, early enough to have the process served, at least ten, and not more than ninety, days before a term of the court. If he will exercise the necessary forethought, he may so regulate the commencement of the proceeding as to bring it within all these conditions. Moreover, in a case of unlawful entry or detainer—though perhaps not in the case of forcible, but not otherwise unlawful entry—the party may bring his action of ejectment, and may, as conveniently as by the proceeding in question, have the like redress, with the important additional advantage that the judgment will conclude further litigation on the subject.

But it is not necessary now to consider this matter. It is clear to our minds that the time after the date of the summons, within which it must be returned, should be limited, and manifestly, by the provision in section 2, of chapter 124, such limitation is provided.

Section 2, of chapter 124, requires that the summons shall be returnable to the court on the first day of the term or in the clerk's office to the first Monday in a month, or some rule day. The Revised Code of Virginia of 1819 required that a writ of *capias ad respondendum* should be returnable either to the first day of the next succeeding term, or in the clerk's office to some previous rule day. 1 R. C. Ch. 128, § 70. Under this provision it was held by the Court of Appeals that a writ returnable generally to the "next term" of a circuit

court after its date, not to the first day of the next term, was good. *Hare v. Niblo*, 4 Leigh, 359. We submit to the authority of this case, and recognize its application to the case in hand.

When a summons to institute an action, suit or other proceeding, is returnable to the first day of a term of a court, or to the term generally, when that is equivalent to the first day of the term, it is not necessary or proper that the court should make any order to docket the case. We have no doubt of this, without reference to authority. But the Supreme Court of this State, in the case of *O'Brien and others against Camden* sustains this opinion. 3 W. Va. 20.

In this case, on the 16th day of June, in the year 1872, the Wheeling Gas Company sued out of the clerk's office of the circuit court of the county of Ohio, a summons in unlawful detainer against the city of Wheeling, Andrew J. Sweeney, George W. Jeffers, Perry Tracy and William Newton Tracy, returnable "at the term thereof to be commenced in the month of October next" thereafter, which was the third Monday, the 16th day of October, in the year 1872, more than ninety days after the date of the summons. This was returned, but no notice was taken thereof on the record, till during the same term, on the 28th day of October, 1872, the defendants moved that the summons be quashed; whereupon it was, by the court, ordered that the summons be quashed and that the cause be dismissed; and from this judgment, the plaintiff appealed.

For the reasons stated, we are of opinion that the judgment of the circuit court was correct and should be affirmed with damages and costs.

HAYMOND, President, and MOORE, Judge, concurred.

Absent, PAULL, Judge.

JUDGMENT AFFIRMED.