# WHEELING.

STATE *v.* CAMPBELL.

Submitted June 20, 1896—Decided June 23, 1896.

1. CRIMINAL LAW—RETURN OF SUMMONS.

A return of a summons to answer an indictment, directed to

the sheriff of a particular county, is not bad because it omits to state that it was served in that county.

2. CRIMINAL LAW—TRIAL—APPEARANCE.
   Though a summons upon an indictment requires the defendant to appear on a given date, it is not necessary that the case be tried that day, or that any note of it be made on the record that day.

3. CRIMINAL LAW—JUDGMENT BY DEFAULT—IMPRISONMENT.
   No judgment by default for imprisonment can be rendered under section 20, chapter 158, Code 1891, for any misdemeanor, either under chapters 32 or 151, or for any other statutory misdemeanor, but there may be judgment for a fine by default.

4. CRIMINAL LAW—APPEARANCE—JUDGMENT OF IMPRISONMENT.
   A defendant may appear by counsel in any misdemeanor case, though it be punishable by imprisonment, but in no case can there be judgment of imprisonment without having the defendant present at its rendition.

J. B. HANDLAN and JOHN A. HOWARD for plaintiff in error, cited 1 Black, Judg. 83; 2 Id. 837; 23 La. Ann. Rep. 798; Code, c. 41, ss. 4, 5; Code, c. 158, ss. 14, 20, 22; Code, c. 32; Code, c. 151; Code, c. 48, s. 32; Code, c. 116, s. 29; 9 W. Va. 646; 34 W. Va. 79; 31 W. Va. 163; 27 W. Va. 182, 275; 28 W. Va. 81; 4 Wheat. 518, 235; 12 N. Y. 209; 4 Hill (N. Y.) 140; Cooley, Const. Lim. (6th Ed.) 434; 58 Ala. 599; 60 Me. 509; 13 R. I. 211; 1 Bish. Crim. Pl. & Pr. §§ 146, 575; Const. Art. III. s. 10; 12 Mod. 156; 1 Ld. Ray. 267; 1 Va. Cas. 172, 175; 3 Denio, 98; 1 Parker C. C. 474; 7 Cow. 525; 4 Harris (Pa.) 129; 6 Barr (Pa.) 344; 52 Miss. 391; 12 Wend, 344; 25 Vt. 93.

T. S. RILEY, ATTORNEY-GENERAL, for the state, cited Code, c. 117, s. 29; 31 W. Va. 162; 34 W. Va. 78.

BRANNON, JUDGE:

Campbell was indicted in Tyler county for selling liquor, and a summons having been served on him, in default of his appearance, the court rendered judgment that he pay a fine and be imprisoned in jail, and awarded a *capias* to hear judgment. Later, Campbell, by attorney, moved the court to set aside the judgment, which the court refused to do, and then awarded a *capias* for the body of Campbell, and to imprison him under the judgment. Campbell appeals.

Campbell, by attorney, makes several points against this judgment. *First,* he says the sheriff does not show in what county he served the summons. But this is never done. The summons being directed to the sheriff of a given county, when he indorses a return officially, it is taken that he served it within his county, and did not usurp powers without his county. *Second,* he says that as the summons was returnable on the second day of the term, and the defendant was not called, and no step taken in the case that day, but the judgment was on a later day, it is error. The indictment began the prosecution. When it was returned the case was in court. The process was only designed to warn the defendant to appear to it, and did not itself begin the prosecution. Process issued out of court is in a pending proceeding, and need not be docketed or otherwise noticed on the day of its return, as the case is in court. It is different where a notice is given by a private party that he will file a motion or petition not before in court, and which first has a place as a pending case when docketed. In the latter case it must be docketed on the day named in the notice, else it lapses. *O'Brien* v. *Camden,* 3 W. Va. 20; *Gas Co.* v. *Wheeling,* 7 W. Va. 22.

The main attack on the judgment is that without the presence of defendant, in person or by counsel, and without jury, the defendant was found by the court guilty, and judgment rendered upon the indictment taken for confessed on summons served.

I remark, first, that the judgment order is somewhat novel, in that it renders judgment for both fine and imprisonment in the absence of the defendant, and then does the seemingly useless thing of awarding a *capias ad audiendum judicium.* Why award a *capias* to hear judgment, when final judgment has already been given? Why not award such writ as was awarded later, after the defendant appeared by attorney and moved to set aside the judgment— that is, a writ commanding the sheriff to take the defendant and commit him to jail—if there were such writ? How are we to construe the judgment? It plainly imposes fine and imprisonment, leaving no further judgment to be given. If so, why a *capias* to hear judgment? What good

would it do defendant if he could not open the judgment? But if it is to be construed as a judgment only for a fine, and open to further order as to imprisonment, it would violate *Pifer's Case,* 14 Gratt. 710, holding that two judgments—one for a fine at one time, another for imprisonment at another time—could not be rendered. But I construe the judgment to be what it plainly says—a final judgment for both fine and imprisonment. Then is it correct? The attorney-general would sustain it under section 20, chapter 158, Code 1891, reading: "On any indictment or presentment founded on any provision of chapter thirty two, or one hundred and fifty one, or for any statutory misdemeanor, for which no imprisonment may be inflicted, process may be issued immediately, returnable forthwith. If the accused appear and plead to the charge, the trial shall proceed without delay. If, being summoned, he fail to appear and plead, the court may render judgment in the same manner as if he had confessed the charge in court." This is an important statute, used in practice constantly. What is its meaning? How far does it innovate on the common-law practice? I do not find that it has been construed in this Court. In felony, not only can there be no judgment by default, but the defendant must appear in person, and can not by attorney. *Parson's Case,* 39 W. Va. 464 (19 S. E. 876). How as to misdemeanors? In these the personal appearance is not necessary, and appearance may be by attorney. It is true that we find the books saying that personal presence is necessary in all cases where corporal punishment is assigned—which would cover misdemeanors, where the punishment is bodily. Whart. Cr. Pl. & Prac. § 540; 1 Bish. Cr. Proc. § 270. Some hold that where bodily punishment must (not may) be imposed, like petit larceny in this state, the appearance must be personal, and that it is only where it definitely appears that no bodily punishment will be inflicted that his presence at the trial can be dispensed with. 1 Bish. Cr. Proc. § 268, note 2; note to *Warren* v. *State,* 68 Am. Dec. 220. But I think that rule is that in all misdemeanor cases the defendant may appear by attorney, and the trial be had in absence of defendant. Opinion in *Pifer's Case,* 14 Gratt. 713; Cooley, Const.

Lim. 319; *Warren* v. *State*, 68 Am. Dec. 214, and note 220, 221; 1 Chit. Cr. Law, 411, 412. But no judgment can be rendered until he is brought in by *capias ad audiendum judicium*. But that is not just the question before us. That question is whether the court could treat the indictment as if confessed, and enter judgment, without appearance in person or by counsel. In criminal proceedings, under common-law practice, there can be no judgment by default. Whart. Cr. Pl. & Prac. § 540; 4 Bish. Cr. Proc. § 267. But the statute changes this rule to some extent, at least. To what extent? The statute is very broad and unqualified, allowing a judgment by default in all cases of offenses under chapters 32 and 151, where fine only is imposed, and where imprisonment is imposed, if we concur in the attorney-general's construction that is, that all offenses under those chapters are included under the power to render judgment by default, no matter whether imprisonment be imposed or not, and that the language, "for which no imprisonment may be inflicted," is to be applied, not to offenses under chapters 32 and 151 at all, but only to other statutory misdemeanors; while counsel for Campbell contends that those words apply to offenses under those two specified chapters, as well as to other statutory misdemeanors. I confess that the structure of the sentences favors the attorney-general's construction, but the legislature is, as all of us are, often inexact in the use of language to express the real spirit or design. I am persuaded that the other construction is the true one. If we say that the words, "for which no imprisonment may be inflicted," do not apply to cases under chapters 32 and 151, we have the result that for offenses under these chapters there may be judgment by default, not only for fines, but also imprisonment, whereas for other statutory misdemeanors there can not be. Why the difference? We can not say difference in nature of offenses called for this discrimination. We can not think the legislature intended to make this difference between cases under chapters 32 and 151, and all other misdemeanors that existed, or might come to exist under statute. Another consideration is that such construction would introduce a very radical, dangerous change of the old rule that judg-

ment of corporal punishment can not be imposed in the absence of the defendant, even for misdemeanors; for, if you say it applies to cases of imprisonment, it would allow judgment in his absence. In *Pifer's Case*, 14 Gratt. 713, Judge Allen properly stated the rule to be that a judgment for a mere fine could be pronounced in the defendant's absence, "but, where a man is to receive any corporal punishment, judgment can not be given in his absence; and the reason given is that there is a *capias pro fine*, but no process· to take a man and put him in the pillory." Where there is a fine only, you need not have the defendant present, as you can collect it by a *capias pro fine;* but, if you are going to imprison, how can you do it without the court has its hands on him? There is no writ after judgment to take him and put him in jail, or in the pillory. 1 Bish. Cr. Proc. § 275. This would render erroneous the award of the second *capias* in this case. As to the necessity of personal appearance for judgment, Judge Allen stated the rule to be that confession by attorney in the defendant's absence could be taken where it is clear and certain that no corporal punishment would be imposed, but not where it is probable or possible that punishment would be corporal. Such is the rule stated in *Crump's Case*, 1 Va. Cas. 172, 175. So 1 Bish. Cr. Proc. § 275; Whart. Cr. Pl. & Prac. §§ 550, 912; note to *Warren* v. *State*, 68 Am. Dec. 226; *Ex parte Waterman*, 33 Fed. 29; 1 Chit. Cr. Law, 695, 799, 712. Therefore the judgment for imprisonment in this case in defendant's absence can not be sustained.

It being the law that judgment for a merely pecuniary penalty could be imposed in the absence of the prisoner, the legislature, by this act, for convenience, to avoid further process where there was personal service of the first, and the defendant did not appear, intended to go a step further, and dispense with further process and with appearance by attorney, and allow judgment by default for a mere money penalty. We can give this construction to the statute, and make it answer a purpose of wide utility—as in most instances merely fines are imposed—without going so far as to say that the intent was to impose final judgment of imprisonment, carrying with it personal disgrace

and bodily suffering, without the presence of the accused, and without proof of guilt. The attorney-general says that, if the statute does not authorize imprisonment in cases under chapters 32 and 151, we must declare the whole unconstitutional. We do not think so. We can give it the construction which we do give it without stamping it as unconstitutional. As it seems to be settled that in case of mere fines the judgment may be rendered in the absence of the defendant, we do not see why the legislature may not authorize a confession to be entered, and judgment for a fine, where summons to answer has been served, without a violation of the party's constitutional right, though it may result in a loss of property. But if we give it the construction contended for in behalf of the state, to warrant deprivation of liberty without presence or proof or trial, it might be plausibly said that the act was unconstitutional. This would call on us not to give the statute such a construction where any other is possible. Campbell's counsel says that, even thus construed, it deprives one of a jury trial, and is unconstitutional. In our minds, if we construe the statute as only authorizing judgment for fines by default, there can be no imputation of unconstitutionality. It is due process of law. The party has notice. He has a day in court, unless he chooses to waive it by nonappearance. The law tells him that he may appear and defend and have a jury trial, and if he does not, he is to be taken as waiving such rights, and as confessing what is in the indictment. It is only a money demand. The legislature confessedly has power to authorize judgment by default for money in civil cases, and why not for money by way of penalty for a violation of penal law? Penalties for violation of license and other laws may be recovered in action of debt, and there judgment by default would be given. Can the mere fact that the procedure is by indictment change the power of the legislature, when the ground of recovery and character of recovery are the same? In this respect the indictment partakes of the nature of civil process, as said in Whart. Cr. Pl. & Prac. §§ 541, 550. Statutes allowing judgments for fines by default have been enforced in other states without challenge of constitutionality. *Com.* v. *Cheek,*

1 Duv. 26; *Canada* v. *Com.*, 9 Dana, 304; *State* v. *Hughes*, 4 Iowa, 554. I would state the proper practice under section 20, chapter 158, to be that where a summons to answer an indictment for a misdemeanor under chapters 32 and 151, or any statutory misdemeanor, has been returned served, there may be a judgment for a fine by default; but, if it is proposed to impose imprisonment, there can be no judgment for it by default, but a further process (a *capias*) to bring in the defendant, must issue, and the case would be treated as not under section 20. But a *capias* to bring him in must go, and if returned "Not found," under section 22, a plea of not guilty could be entered, and a trial had by jury, and a verdict of guilty rendered, not by taking the indictment as confessed, but by the state's proving her case. For this purpose the defendant's presence in person or by counsel is not necessary. But if a verdict of guilty be rendered, before a judgment of imprisonment, the defendant must be brought in by *capias ad audiendum*, and the verdict should stand until his presence is procured. There can not be a judgment for a fine at one time, and of imprisonment at another.

We reverse the judgment, and remand the case for further proceedings.