| 49 | 397 |
| f52 | 509 |

IDA SWAIN, ROWENA CARY, THEODOSIA E. DOSHER, MAGGIE PIVER, ETTA WEST AND JOHN R. REGISTER AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF JOHN PRIGGE, DECEASED, APPELLANTS, v. THE LONDON AND LANCASHIRE FIRE INSURANCE COMPANY, A CORPORATION, APPELLEE.

An entry of appeal stating that the appeal is taken "to the January Term, A. D. 1905, of the Supreme Court of the State of Florida," sufficiently indicates that the first day of said term is the return day.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*A. W. Cockrell & Son,* for motion.

*A. H. King, contra.*

CARTER, J.   The appellee moves to dismiss this appeal upon the ground, among others, that the return day is not designated with sufficient certainty in the entry of appeal, so that the record of such entry will give this court · jurisdiction over the person of the appellee. The entry states that the appeal is taken "to the January Term, A. D. 1905, of the Supreme Court of the State of Florida." This language means that the appeal is taken to the first day of the January term as no particular day of the term is men-tioned (Nicholls v. Marshall, 10 La. O. S. 110; Hare v. Niblo, 4 Leigh (Va.) 359; Gas Company v. Wheeling, 7 W. Va. 22), and as thus construed it is sufficient, as the appeal was entered and recorded in July, 1904, and seeks to review a decree rendered prior to that date.   In Gar-rison v. Parsons, 41 Fla. 143, 25 South. Rep. 336, we said: "The return day must be  *  *  *  to the first day of *  *  *  *  the next succeeding term of this court after the entry of appeal," and it is argued that this language requires an express declaration in the entry that the ap-peal is taken to the first day of the term.   We think it must appear from the recorded entry, that the appeal is taken to the first day of the term, but the form of the statement is immaterial so long as language is used which clearly conveys that idea.   The language here used is suf-

ficient for that purpose and there is no inconsistency between the present decision and the ruling in the case referred to.

Without further discussion of the motion, we are of opinion that it should be denied and it will be so ordered.

WHITFIELD. C. J., and TAYLOR; HOCKER and SHACKLEFORD, JJ., concur.

COCKRELL, J., being disqualified, took no part in the decision.