STATE OF WEST VIRGINIA

*v.*

CHARLES H. SELF, *et al.*

(No. 9927)

Submitted September 23, 1947.   Decided October 14, 1947.

*Gene W. Ford* and *Layne H. Ford,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *J. Chandler Curd,* Assistant Attorney General, for defendant in error.

RILEY, JUDGE:

Charles H. Self and The Taylor County Young Democratic Association were jointly indicted, tried and convicted in the Circuit Court of Taylor County of the common law offense of unlawfully keeping and maintaining

a common gaming house or room in the City of Grafton, Taylor County. On the day set by the circuit court for passing judgment upon the verdict, the defendant, The Taylor County Young Democratic Association, not appearing by counsel, and the defendant, Charles H. Self, not appearing either in person or by counsel, the circuit court, over objection by the State, fined both defendants one hundred dollars each, and ordered that Self be confined in the county jail of Taylor County, for a period of ninety days. The defendant Self alone prosecutes this writ of error.

The record discloses that the defendant association was incorporated under the laws of the State of West Virginia for certain specified civic, public, patriotic, cultural and charitable purposes under a charter containing a provision that the board of directors shall exercise all of the functions authorized by law for the management of the corporation. The defendant Self was named as one of the five incorporators.

On January 27, 1945, a member of the Department of Public Safety, accompanied by a deputy sheriff of Taylor County, evidently armed with a search warrant which is not contained in the record, tried to effect an entrance through the street door of the premises occupied by the defendants, but found that the door was locked. After a short delay, they were able to enter when some person, unknown to them, came out the door. The officers passed through a door at the head of the stairs and proceeded through a room to a door leading into the second room where a number of persons were congregated, including the defendant Self and four other persons, seated around a table, upon which there were money and cards. Self had a deck of cards in his hand. The officers arrested all five of the persons seated around the table and confiscated the cards and money, and technically seized the table and chairs leaving them in the possession of Self. This is all the evidence tending to connect Self with the management of the quarters in which the arrests were made.

At the close of the evidence, the court instructed the jury to the effect that the fact that defendants did not testify in this case creates no presumption against either defendant. During the course of the final argument to the jury, defendants' counsel moved for a mistrial on the ground that the prosecuting attorney referred to the failure of the defendants to introduce any evidence. Whereupon the court instructed the jury to disregard the statement and overruled the motion. But during the course of the closing argument, the prosecuting attorney referred to the fact that defendant Self did not testify and defendants' counsel renewed his motion for a mistrial which was overruled.

Three grounds of error are presented by this record: (1) the sentence of the defendant Self to jail in his absence; (2) the verdict is against the law and the evidence; and (3) the remarks of the prosecuting attorney during the closing argument. For convenience these assignments will be considered seriatim.

The court erred in rendering judgment of imprisonment of the defendant Self in his absence, and the State admits error in this regard. In *State* v. *Campbell*, 42 W. Va. 246, pt. 4, syl., 24 S. E. 875, this Court held: "A defendant may appear by counsel in any misdemeanor case, though it be punishable by imprisonment, but in no case can there be judgment of imprisonment without having the defendant present at its rendition." Of course, if the reversal is based on this ground alone, a new trial will not be granted, but the case should be remanded for the entry of a correct judgment of sentence. *State* v. *Fisher*, 126 W. Va. 117, pt. 5, syl., 27 S. E. 2d 581.

We are also of opinion that the verdict as to the defendant Self is not sustained by the evidence. In this regard it is to be noted that Self was indicted and tried for unlawfully keeping and maintaining a common gaming house or room. Except for the fact that Self was one of the incorporators of The Taylor County Young Democratic Association and had a deck of cards in his hand when the

arrests were made, there is no evidence connecting this defendant with the place raided at any time before or after January 27, 1947. Self was not charged in the indictment with the offense of playing poker, but with the common law offense of keeping and maintaining a gaming house or room. There is nothing in the record to indicate that he was in charge or had supervision of the game which was going on when the officers arrived. It may be that if the officers had come a little sooner or a little later than they did that one of the participants in the game other than Self would have been the dealer, and even if he had been in charge of the game, he would have been guilty of the statutory offense of keeping or exhibiting a gaming table or device inhibited under Code, 61-10-1, and not for the offense upon which he was convicted. In this State it is necessary for the conviction of a defendant that he had been connected with the crime charged. In *State v. Hudson*, 128 W. Va. 655, 37 S. E. 2d 553, it was held that the charge of operating a lottery is not sustained where, at the time of the arrest, the defendant was in another part of the room from that in which the lottery was being operated and there was a dearth of evidence connecting defendant with the ownership of the premises and the management and control of the lottery.

And, finally, we think the trial court erred in refusing to grant defendant a mistrial on the basis of the prosecuting attorney's comments in his closing argument to the jury to the effect that defendant did not testify in his own behalf. Code, 57-3-6, provides that defendant's "failure to testify shall create no presumption against him, nor be the subject of any comment before the court or jury by any one." The prosecuting attorney's repeating such comments after the court had instructed the jury to disregard the prosecuting attorney's remarks in the first instance is worthy of censure.

We therefore reverse the judgment, set aside the verdict, and award the defendant Self a new trial.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*