Argued May 18, remanded for resentencing July 18, 1977

STATE OF OREGON, *Respondent.*
*v.*
ART EDWARD WANROW, *Appellant.*
(No. C 75-01-0127, CA 7643)
566 P2d 533

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from his conviction upon a guilty plea of criminally negligent homicide, ORS 163.145, and assigns as error the court's imposition as a condition of probation the requirement that defendant pay $7,100 to the victim's estate.

In March 1975, defendant pleaded guilty to criminally negligent homicide arising from the death of Richard Powell, a passenger in a car driven by defendant into a light pole. The court initially sentenced defendant to one year's imprisonment to be followed by a period of probation and provided in its order:

"* * * The court reserves the right to modify the within conditions of probation to require restitution to all passengers in the car driven by defendant."

In July 1975, the court suspended the unserved balance of the sentence on the condition that defendant pay $6,000 to an insurance company and $1,100 to the parents of the deceased. In December 1976, after a hearing on motions by both defendant and the state to modify the conditions of probation, the court modified its order to delete the payments to the parents and the insurance company and to require payment of $7,100 to the Circuit Court Administrator for the benefit of the estate of the victim.

ORS 137.540(10) provides:

"The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall * * * [m]ake reparation or restitution to the aggrieved party for the damage or loss caused by offense, in an amount to be determined by the court."

In *State v. Stalheim,* 275 Or 683, 688, 552 P2d 829 (1976), the court construed the phrase "aggrieved party" in ORS 137.540(10) to mean the "direct victim of a crime, and not to other persons who suffer loss because of the victim's death or injury." The state urges here that the victim's estate in a homicide prosecution, as opposed to relatives of the victim, *see*

[ 77 ]

*State v. Stalheim, supra,* or the victim's insurance company, *see State v. Getsinger,* 27 Or App 339, 556 P2d 147 (1976), should be considered a "direct victim" and may be the proper recipient of restitution or reparation. We need not resolve this issue, however; for even were we to decide it in the state's favor, we would conclude that the record below is inadequate to sustain the court's order.

In *State v. Stalheim, supra,* at 687, the court discussed the permissible purposes of an order pursuant to ORS 137.540(10):

> "The legal and practical complexities created by a broad interpretation of ORS 137.540(10) prompt us to narrowly construe its terms. We construe the term 'restitution' to mean the return of a sum of money, an object, or the value of an object which a defendant wrongfully obtained in the course of committing the crime. 'Reparation' is a somewhat broader term which has been defined as '[a] repairing or being repaired; restoration to good condition.' We think it is consistent with the concept of 'repairing' to construe 'reparation' as encompassing only reimbursement for the victim's liquidated or easily measurable damages resulting from the charged offense. This construction would embrace medical expenses, wages actually (not prospectively) lost, and reimbursement for easily measurable property damage." (Footnotes omitted.)

Thus, in order to fall within the scope of ORS 137.540(10), an order must serve either the purpose of restitution or reparation as those terms were defined in *State v. Stalheim, supra.*

From the limited record we have been supplied, it is clear that defendant was not being ordered to pay restitution; defendant apparently did not wrongfully obtain $7,100 in the course of committing his crime. Further, there is no indication that the payment defendant was ordered to make constitutes reparation. At the hearing preceding the court's order, no witnesses testified and no evidence was received. Thus we are unable to determine whether the payments ordered by the court were "reimbursement for the

victim's liquidated or easily measurable damages resulting from the charged offense," *see State v. Stalheim, supra* at 688, or payments designed for another purpose altogether. In light of the vacuum of evidence as to the purposes of the payments, the court's order cannot be sustained.

Remanded for resentencing.