Argued August 17, reversed and remanded September 26, 1977

ALFRED EUGENE STACEY, *Appellant,*
*v.*
STATE OF OREGON, *Respondent.*
(No. 96723, CA 8304)
569 P2d 640

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner appeals from an order sustaining respondent's demurrer to his petition for post-conviction relief.

In March 1976, petitioner entered a guilty plea to a misdemeanor charge of first degree criminal trespass. ORS 164.255. On May 11, 1976, the court suspended imposition of sentence and placed petitioner on probation for five years. Petitioner did not appeal. In January 1977, petitioner filed a petition for post-conviction relief alleging that on May 12, 1976, the court, in the absence of and without notice to petitioner or his attorney, added a condition to the probation requiring petitioner to pay $982.50 to Yamhill County as reimbursement for expenses incurred in retaining counsel for petitioner. The petition alleges that the addition of the condition in his absence and without notice to him violated due process. Respondent demurred to the petition and the court, without comment, sustained the demurrer.

ORS 138.550(1) provides:

"The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in his petition shall be as specified in this section and not otherwise:

"(1) The failure of petitioner to have sought appellate review of his conviction, or to have raised matters alleged in his petition at his trial, shall not affect the availability of [post-conviction relief] * * *."

In *Lerch v. Cupp,* 9 Or App 508, 515, 497 P2d 379, Sup Ct *review denied* (1972), we held:

"It is evident that the purpose and policy behind ORS 138.550(1), when construed in light of the [Post-Conviction] Act as a whole, dictates that that statute be read as requiring issues that can be raised on direct appeal to be so raised. * * *"

*See also De Bolt v. Cupp,* 19 Or App 545, 528 P2d 601 (1974), Sup Ct *review denied* (1975). The rule in *Lerch v. Cupp, supra,* however, applies only to claims which

could have reasonably been raised on appeal. Here petitioner claims that he was not in court but was incarcerated in the Oregon State Penitentiary at the time the court considered and added the condition that he pay for the cost of his defense. The court's judgment order, to the contrary, states "[t]he defendant appeared in person * * * and by his attorney." A factual dispute of this sort cannot be resolved on appeal. Thus, petitioner is not barred by *Lerch v. Cupp, supra,* from bringing this proceeding.

■ The state contends that even if petitioner's allegations are true, the petition sets forth no ground for post-conviction relief. ORS 138.530(1)(c) provides:

"Post-conviction relief * * * shall be granted by the court when one or more of the following grounds is established by the petitioner:

"* * * * *

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence."

The state maintains that an order placing a defendant on probation is not a "sentence" within the purview of ORS 138.530(1)(c). ORS 138.040 provides:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a circuit court * * *. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on conviction * * *."

Thus, insofar as a defendant's right to appeal is concerned, an order of probation is treated as a sentence. *See also State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976); *State v. Wanrow,* 30 Or App 75, 566 P2d 533 (1977); *State v. Getsinger,* 27 Or App 339, 556 P2d 147 (1976). We find no reason why an order of probation should not be similarly treated as a sentence under ORS 138.530(1)(c). To construe ORS 138.040 otherwise would be to deny a person in the position of petitioner a practical means of challenging the terms of his probation by presenting him with a Hobson's

[ 1078 ]

choice—comply with a condition of probation he believes was unconstitutionally imposed or violate that condition in order to obtain a judicial forum in which to seek relief.[1]

■■ The state next contends that the imposition of the additional condition of probation violated no constitutional rights of petitioner. ORS 137.030 provides:

> "For the purpose of giving judgment, if the conviction is for a felony, the defendant shall be personally present; but if it is for a misdemeanor, judgment may be given in his absence."

Historically, if a sentence involved imprisonment, courts have held that a defendant has a right to be present at the time of sentencing—whether the right be the constitutional right to due process, *Hopt v. Utah,* 110 US 574, 579, 4 S Ct 202, 28 L Ed 262 (1884); *United States v. Huff,* 512 F2d 66, 71 (5th Cir 1975); *People v. Emig,* 177 Colo 174, 493 P2d 368 (1972); *Gray v. State,* 158 Tenn 370, 372, 13 SW2d 793 (1929), or a common law right "ancient in the law." *United States v. Behrens,* 375 US 162, 84 S Ct 295, 11 L Ed 2d 224 (1963); *see Ball v. United States,* 140 US 118, 129, 11 S Ct 761, 35 L Ed 377 (1891); *State v. Fennell,* 218 Kan 170, 542 P2d 686 (1975). Conversely, most courts which have considered the issue have held that a defendant has no right to be present when the sentence involves only a fine.[2] *Warren v. The State,* 19 Ark 214, 68 Am Dec 214 (1857); *Commonwealth v. Cheek,* 62 Ky 26 (Duv 1863); *Son v. The People,* 12 NY

---

[1]The state suggests that petitioner could have requested the court to modify the conditions of probation pursuant to ORS 137.540 which states that a court "may at any time modify, the conditions of probation." An order denying a motion to modify would not be appealable. ORS 138.020, 138.040.

[2]Only two courts have held that a defendant need be present at sentencing when only a fine is involved. In *Chastain v. State,* 75 Ga App 880, 45 SE2d 81, 83 (1947), the court held that a defendant's presence was necessary to yield the formality necessary for legal proceedings and to publicly establish the defendant as an example which might deter similar conduct on the part of others. In *Gray v. State,* 158 Tenn 370, 13 SW2d 793 (1929), the court held, at least by implication, that a defendant has a due process right to be present at any sentencing proceeding.

344, 348 (Wend 1834); *State v. Ferebee,* 266 NC 606, 609, 146 SE 2d 666 (1966); *State v. Campbell,* 42 W Va 246, 24 SE 875 (1896). *See also Schwab v. Berggren,* 143 US 442, 12 S Ct 525, 36 L Ed 218 (1892); *Hopt v. Utah,* 110 US 574, 4 S Ct 202, 28 L Ed 262 (1884). The historic reason for distinguishing between sentences involving fines and those involving imprisonment was set forth in *Son v. The People, supra* at 348:

> "* * * The true reason why a fine may be imposed in the absence of the prisoner, and not a judgment that he be put in the pillory or prison, was, that there is a regular process to collect the fine, but none to take a man who is at large and put him in the pillory * * *."

More recently, several courts have sought to define the nature of a defendant's due process rights at sentencing rather than use a talismanic approach of looking to the nature of the punishment imposed out of concern for the government's ability to expeditiously enforce the court's order. In *Townsend v. Burke,* 334 US 736, 68 S Ct 1252, 92 L Ed 1690 (1948), the Supreme Court held that a defendant has the right to be sentenced on factually correct assumptions. In *United States v. Tucker,* 404 US 443, 447, 92 S Ct 589, 30 L Ed 2d 592 (1972), the Supreme Court elaborated on *Townsend v. Burke, supra,* and held that due process requires that a defendant not be sentenced on misinformation of "constitutional magnitude." In *United States v. Huff,* 512 F2d 66, 71 (5th Cir 1975), the court held that a defendant has

> "* * * his fundamental due process right to hear and rebut all that the prosecution has to say against him bearing on the judgment of sentence. * * *"

*See United States v. Janiec,* 464 F2d 126 (3d Cir 1972); *United States v. Hone,* 456 F2d 495 (6th Cir 1972); *United States v. Malcolm,* 432 F2d 809 (2d Cir 1970); *Haller v. Robbins,* 409 F2d 857 (1st Cir 1969). *See also United States v. Rosner,* 485 F2d 1213 (2d Cir 1973). In *Smith v. State,* 11 Md App 317, 273 A2d 626 (1971), the court held that due process, as well as the Sixth Amendment's guarantee of a right to counsel, ex-

tended to give a defendant a right to rebut facts at sentencing where only probation is imposed.

■ ■ The court's authority to compel a defendant to repay the county for the costs of his defense is sharply limited, both by statute and the United States Constitution.[3] ORS 161.665(1) allows a court to require a convicted defendant to pay costs which may include the costs of his defense. *State v. Fuller,* 12 Or App 152, 504 P2d 1393, Sup Ct *review denied* (1973), *aff'd sub nom Fuller v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974). ORS 161.665(2) limits the types of costs which may be assessed:

> "Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

ORS 161.665(3) specifies the type of defendant against whom costs may be assessed:

> "The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

In *State v. Fuller, supra,* we held that "* * * If there is no likelihood that a defendant's indigency will end, a judgment for costs cannot be imposed. * * *" 12 Or App at 159. In the same case, the United States Supreme Court held that ORS 161.665 did not violate a defendant's Sixth Amendment right to counsel only because

> "* * * The Oregon statute is carefully designed to insure that only those who actually become capable of repaying the State will ever be obliged to do so. Those who remain indigent or for whom repayment would work

---

[3]The issue has not been considered under the Oregon Constitution.

[ 1081 ]

'manifest hardship' are forever exempt from any obligation to repay." 417 US at 53.

We conclude that due process requires that a defendant be afforded notice that costs may be imposed and be given an opportunity to be heard on whether the imposition of such a requirement is appropriate.[4] Thus, on remand, the trial court should determine whether the requirement that petitioner pay for the costs of his defense was imposed in petitioner's absence and, if so, whether petitioner was given notice and the opportunity to address the propriety of the condition of probation.

Reversed and remanded.

---

[4]We need not here consider whether defendants need be given notice that the specific conditions of probation listed in and permitted by ORS 137.540 may be imposed.