Argued December 21, 1978, reversed and
remanded for resentencing March 5, 1979

## STATE OF OREGON, *Respondent,*
### *v.*
## ART EDWARD WANROW, *Appellant.*
## (No. C75-01-0127, CA 11058)

591 P2d 751

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

[13]

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

We previously reversed defendant's sentence for negligent homicide. *State v. Wanrow*, 30 Or App 75, 566 P2d 533 (1977). On remand, the trial court resentenced defendant to a term of probation, one condition being that defendant "make reparation in the amount of $7,100 to the estate of [the homicide victim]." Defendant again appeals, challenging this condition of probation. We again reverse.

■ In 1977 the legislature adopted a new statute governing restitution as a component of criminal sentences. Or Laws 1977, ch 371, p 304, codified as ORS 137.103-137.109, 137.540, 144.275, 161.675-161.685. The trial court's order on resentencing cites the post-1977 version of one of these statutes. The court's reliance on a sentencing statute enacted after defendant's criminal act was error. *State v. Harvey*, 35 Or App 719, 582 P2d 476 (1978). At the time of defendant's criminal act, ORS 137.540(10) provided:

> "The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall* * * [m]ake reparation or restitution to the aggrieved party for the damage or loss caused by offense, in an amount to be determined by the court."

In *State v. Stalheim*, 275 Or 683, 688, 552 P2d 829 (1976), the Supreme Court construed " 'aggrieved party' to refer to the direct victim of a crime, and not to other persons who suffer loss because of the victim's death or injury." Applying this rule, the Supreme Court held that a defendant convicted of two counts of negligent homicide could not be ordered to pay "restitution" to a man who was the husband of one victim and the father of the other victim.

■ Based upon the *Stalheim* reasoning and result, we conclude that the estate of a homicide victim is not the direct victim of a crime. It follows that, under the pre-1977 version of ORS 137.540(10), the trial court

[15]

had no authority to order "restitution" to the estate of the victim in this case.

Reversed and remanded for resentencing.

**THORNTON, J.,** dissenting.

While I agree that it was error to order reparation under the 1977 statute, the real question is whether or not the trial court had the authority under either statute to order reparation made to the estate of the victim.

The issue presented is this: After *State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976), is the "aggrieved party" in a homicide case the estate of the decedent? We expressly reserved decision in this point in the previous *Wanrow* case.

Inasmuch as by law the estate of a decedent, through its personal representative, winds up the affairs of the decedent (*see generally* ORS ch 114, ORS 114.305), a direction by the trial judge herein to make restitution to the estate is in effect a direction to make restitution to the decedent himself, and therefore, in my view, authorized under *Stalheim.* The correctness of this conclusion is further strengthened by the language of ORS 30.020, the wrongful death statute, which authorizes the personal representative of the decedent to maintain an action against the wrongdoer for the benefit of his estate.

For the above reason I respectfully dissent.