No. 145 February 25, 2026 437

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN PHILLIP MALOUF,
*Defendant-Appellant.*

Deschutes County Circuit Court
19CR24889; A183391

Beth M. Bagley, Judge.

Submitted October 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals a judgment revoking probation and imposing sentences of 120 days in jail on Counts 1, 2, and 6, to be served concurrently, and imposing 36 months' post-prison supervision (PPS) on Count 1 and 24 months' PPS on Count 2. In a single assignment of error, defendant challenges the sufficiency of the evidence for the court to find that defendant violated his probation. Specifically, defendant argues that he did not have notice of the probation condition that required him to obtain permission before leaving the state. The state argues in response that the trial court at sentencing, and the judgment imposing probation both stated that defendant was required to comply with the general conditions of probation. The judgment specifically references ORS 137.540(1), and a general condition of probation under ORS 137.540(1)(d) provides that a probationer shall remain in the state unless they receive permission to leave from the appropriate agency. Because the conditions imposed in the judgment were readily ascertainable, defendant had sufficient notice of the condition that he violated. We affirm.

The state bears the burden of proving a probation violation by a preponderance of the evidence. *State v. Martin*, 370 Or 653, 668, 522 P3d 841 (2022). "Whether there is sufficient evidence in the record to satisfy the state's burden is a legal question." *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018). Our task on appeal is to view the evidence in the light most favorable to the state and determine whether it was sufficient for the court to find a probation violation. *State v. Butler*, 313 Or App 786, 788, 494 P3d 1031, *rev den*, 368 Or 787 (2021). When the trial court finds a probation violation, it has discretion to revoke probation. *State v. Kelemen*, 296 Or App 184, 192-93, 437 P3d 1225 (2019); OAR 213-010-0001. We review predicate legal conclusions for errors of law. *Martin*, 370 Or at 657-58. We also review for legal error whether a defendant had adequate notice of a probation condition. *Cf. Stacey v. State of Oregon*, 30 Or App 1075, 1082, 569 P2d 640 (1977) (applying due process requirements to the addition of a probation condition without notice to the probationer, but expressly not considering

whether notice requirements applied to addition of general terms of probation under ORS 137.540).

There was evidence presented at the probation violation hearing that would allow the probation-violation court to find the following facts. Defendant had been convicted of coercion constituting domestic violence (Count 1), ORS 163.275; fourth-degree assault constituting domestic violence (Count 2), ORS 163.160; and menacing constituting domestic violence, ORS 163.190 (Count 6). He was initially sentenced to 36 months' probation on Count 1, and other concurrent sentences on the other two counts.[1] Defendant's criminal judgment cited ORS 137.540 and stated that "Defendant is subject to all general conditions of probation (ORS 137.540)."

Two days after sentencing, defendant reported to probation, on June 3, 2021, and completed the intake process. The next meeting with his probation officer was set for June 18. At defendant's request, because he had many questions, a meeting was set for June 7, to which defendant's probation officer directed him to report. After the intake meeting, however, defendant called or emailed his probation officer multiple times regarding rescheduling or not being able to make it to scheduled meetings. Defendant was directly ordered to report, but he never reported to the Deschutes County probation office again.[2] Defendant was arrested on unrelated charges in Mississippi in February 2023.

In Oregon, the state filed allegations of probation violations, and a warrant was issued for defendant's arrest. Later,

---

[1] Defendant makes assertions of fact about what happened at his underlying sentencing hearing, such as asserting that the sentencing court did not list the general conditions of probation, and did not specifically notify him that he could not leave the state. At the probation violation hearing, the court took judicial notice of the trial court register. It was able to view the judgment containing the conditions of probation. But it does not appear that the court took judicial notice of the original sentencing proceedings. Defendant designated them as part of the record on appeal and had them transcribed, but they were not before the probation-revocation court. We take no notice of anything that occurred or did not occur at defendant's original sentencing hearing as it was not part of the probation-violation court's record.

[2] On one of the dates in June 2021 that defendant's Deschutes County probation officer set to meet with defendant, defendant went in person to the Wallowa County probation office to try to report there, because he was a 6- to 7-hour drive from the Deschutes office.

in 2023, the state amended its allegations and moved to revoke probation, alleging that defendant had failed to report to the probation office as directed; failed to remain in the State of Oregon until receiving permission to leave; failed to undergo a mental health evaluation within 60 days and begin treatment within 90 days; failed to schedule a substance abuse evaluation and complete any recommended treatment; and failed to obtain a domestic violence intervention evaluation and complete any recommended treatment. At a contested probation violation hearing, the court found that defendant violated his probation by failing to report as directed, failing to complete a domestic violence evaluation, and leaving Oregon without permission. The court revoked his probation and sentenced him to jail time and PPS as specified above, and entered a judgment reflecting that sentence. Defendant appealed.

As an initial matter, we assume without deciding that defendant sufficiently preserved this claim of error. He argued at the probation violation hearing that the court could not find that he violated probation because he did not have sufficient notice of the condition that he could not leave the state without permission.

One of the general terms of probation, ORS 137.540(1)(d), provides that a "probationer shall" "[r]emain in the State of Oregon until written permission to leave is granted by the Department of Corrections or a county community corrections agency." One of the terms in the underlying judgment imposing probation on defendant was that he abide by the general terms of probation. As noted, that term cited the statute, ORS 137.540, that lists the general terms of probation. The court found that defendant's probation officer had never given him permission to leave the state. Defendant left the state and was arrested in Mississippi in 2023. We conclude that those facts are sufficient for a court to find a probation violation of the general probation term listed at ORS 137.540(1)(d).

Defendant argues that, to find the probation violation, the state had to prove that defendant had sufficient notice of the condition he violated. Citing *State v. Berglund*, 311 Or App 424, 431, 491 P3d 820 (2021), defendant begins by arguing that a defendant has a right to notice of the specific probation violations alleged. Defendant received that

notice here in the motion to revoke probation, which alleged specific violations.

He next argues, citing *State v. Priester*, 325 Or App 574, 530 P3d 118, *rev den*, 371 Or 332 (2023), that "[t]he trial court must state all the terms of a defendant's sentence, including all the conditions of probation, on the record at the time it sentences the defendant." *Priester* has no application here. The issue in *Priester* was not, as here, whether the defendant had sufficient notice of his probation conditions to be found to have violated them. Rather, the issue was whether the trial court had entered a judgment containing sentencing provisions that had not been announced at sentencing. *Id.* at 581. That is, in *Priester*, the error was that the court had imposed specific conditions in the judgment that had not been stated individually on the record in the defendant's presence. That raised a question of whether the court could use a short-hand reference, such as "DV package" when imposing probation terms. We held that it could not, absent evidence that the specific terms were known to the parties. *Id.* at 583-84.

Defendant's assignment of error does not fit the *Priester* scenario. Defendant's assignment of error is not that the trial court functionally resentenced him outside of his presence, as in *Priester*; rather, his assignment of error is that he lacked notice of a condition of probation, namely that he not leave the state without permission. But, here, the general conditions of probation were referenced in the judgment imposing defendant's probation. The judgment cited ORS 137.540 when expressly stating that "Defendant is subject to all general conditions of probation (ORS 137.540)." Although it could have been even clearer and better practice for the judgment itself to list out each of the conditions, the reference to all of the general conditions listed in the statute was sufficient notice for defendant to be required to comply with those conditions. The probation-revocation court did not err by finding defendant to have violated the probation condition prohibiting him from leaving the state without permission.

For those reasons, we affirm the judgment revoking defendant's probation.

Affirmed.